In the Matter of BAR ASSOCIATION OF ERIE COUNTY, Petitioner. LEO J. HAGERTY, as District Attorney of Erie County, Respondent.

County Court, Erie County, March 8, 1944.

*Samuel M. Fleischman* and *Franklin R. Brown* for petitioner.

*Leo J. Hagerty, District Attorney,* respondent.

WARD, J.   This is a motion by the Bar Association of Erie County for an order " directing the stenographers of the District Attorney who attended that grand jury to furnish a copy of the minutes with respect to the testimony taken before that body which purported to relate to activities of certain judges of the City Court of Buffalo and the manner in which they dispose of charges and of issuing warrants against police officers." The District Attorney of Erie County opposes this motion upon the grounds that the petitioner is not a proper party.

This motion is brought on by a petition verified February 19, 1944, by Franklin R. Brown, as President of the Erie County Bar Association.

The Erie County Bar Association, hereinafter referred to as the petitioner, alleges, in effect, that the petitioner was incorporated in New York State, pursuant to chapter 317 of the Laws of 1887; that among the purposes set forth in the certificate of incorporation are: " to cultivate the science of jurisprudence, to promote reform in law, to facilitate the administration of justice "; that the membership of the petitioner consists of lawyers actively practicing in Erie County; that it is a non-profit organization; that it has a public duty to perform its aforesaid purposes; that on January 14, 1944, the January, 1944, Grand Jury presented to the Erie County Court a " Special Report ", and that the Erie County District Attorney sent a copy of said report to the president of the petitioner " at the direction of the grand jury "; that according to said Special Report, " certain judges of the City Court of Buffalo " failed to deal with certain offenders " effectively "; that the police of the City of Buffalo, and in particular in the seventh precinct, have been " thwarted " by said judges in the manner in which they disposed of charges, and said judges are charged with " the affirmative act of issuing warrants against police officers who were solely engaged in doing their duty "; and that the report concludes that the situation thereby disclosed " should be of grave concern to the Bar Association of Erie County."

The petition further alleges that the Special Report is not an indictment; that it specifies no crime and that it names no names; that the petitioner investigated the situation described

in the Special Report; a committee of the petitioner held hearings on five days, took 461 typewritten pages of testimony, examined " various records of the City Court of Buffalo "; that testimony was given by five City Court judges, five clerks, three probation officers, the district attorney and two assistants, a police captain, lieutenant and officer, and finally that " petitioner must have any and all evidence bearing upon such subject and necessarily such evidence must include that which was before the grand jury."

The powers and duties of the grand jury are set forth in the Code of Criminal Procedure, and those which are relevant to the matter herein are: " to inquire into all crimes committed or triable in the county, and to present them to the court " (§ 252); in the investigation of a charge, for the purpose of indictment, the grand jury can receive none other than legal evidence (§§ 255, 256); the grand jury is not bound to hear evidence for the defendant, but it is their duty to weigh all the evidence submitted, and when reasonable to do so, they should order explanatory evidence to be produced by the district attorney (§ 257); the grand jury ought to find an indictment when the evidence before them would warrant a conviction by the trial jury (§ 258); the grand jury *must* inquire into the willful and corrupt misconduct in office of public officers of every description in the county (§ 260); they may examine all public records in the county (§ 261); they may ask the advice of any judge of the court, or of the district attorney of the county, or, in cases involving the elective franchise, of the attorney-general or of any of his assistants, deputies or attorneys (§§ 262, 263); every member of the grand jury must keep secret whatever he himself, or any other grand juror, may have said or voted on a matter before them, except for a perjury of which he may have been guilty in making an accusation or giving testimony to his fellow jurors (§§ 265, 267); a member of the grand jury may be required by any court to disclose the testimony of a witness examined before the grand jury for the purpose of ascertaining whether it is inconsistent with that given by the witness before the court, or to disclose the testimony given before them by any person upon a charge against him for perjury in giving his testimony, or upon his trial therefor (§ 266).

There is no express statutory authority permitting a grand jury to make a " report " or " special report " such as presented to this court by the January, 1944, Grand Jury of Erie County.

However, it seems, at least by some eminent judicial determinations, that the power given to the grand jury by the Constitution of the State of New York (N. Y. Const., art. I, § 6) and by the statutory direction found in subdivision 2 of section 260 of the Code of Criminal Procedure (as amd. by L. 1939, ch. 770) to inquire into the willful and corrupt misconduct of public officers of every description in the county, by inference at least, authorizes the making of such a report or as sometimes nominated — a presentment. (*Matter of Jones* v. *People,* 101 App. Div. 55; *Matter of Healy,* 161 Misc. 582, and collected cases.) The words " presentment " and " indictment " as used in our Constitution and statutes are common-law terms, and the presentment was deemed to merge with the indictment. If no indictment was found, the presentment ceased to exist for any purpose, but such practice is now obsolete. Since the adoption of the Code of Criminal Procedure, the terms " presentment " and " indictment " are now used interchangeably and are synonymous. (*Matter of Funston,* 133 Misc. 620.)

It would seem that upon a proper application made by a proper party a court to which a grand jury was returned may, in the exercise of its sound judicial discretion, expunge a " report " or " special report " from the public records. (*Matter of Wilcox,* 153 Misc. 761; *In re Woodbury.* 155 N. Y. S. 851.)

No such motion is before this court. This application is a motion to inspect the minutes of the January, 1944, Erie County Grand Jury in respect to the matters heretofore set forth.

The minutes of the grand jury are not part of the indictment or presentment. At common law no written record of proceedings before a grand jury was kept. (*People* v. *Steinhardt,* 47 Misc. 252.) The Code of Criminal Procedure now provides the " grand jury must appoint one of their number as clerk, who is to preserve minutes of their proceedings * * * and of the evidence given before them." (Code Crim. Pro., § 250.) The district attorney of any county may appoint a stenographer to take testimony given before the grand jury (Code Crim. Pro., § 952-p) and it is the duty of such stenographer " to furnish to the district attorney of such county a full copy of all such testimony as such district attorney shall require, but he shall not permit any other person to take a copy of the same, nor of any portion thereof, nor to read the same, or any portion thereof, except upon the written order of the court duly made after hearing the said district attorney ". (Code Crim. Pro., § 952-t.) By this statutory authority the

minutes of the grand jury are now available to the court, the district attorney, and, upon direction of the court, to other persons. (*People ex rel. Hirschberg* v. *Supreme Court,* 269 N. Y. 392, 395.)

From the notice of motion, the petition, the oral arguments and the memorandum submitted by the petitioner, it is clear that this application is solely for an order to inspect portions of the minutes of the January, 1944, Erie County Grand Jury. This is not a motion to expunge the report of the Grand Jury.

At the outset, several well-established propositions of law are apparent:

1. The court to which a grand jury is returned has jurisdiction, both by statute (Code Crim. Pro., § 952-t) and by the judicial interpretation thereof, to permit an inspection of the minutes of a grand jury returned to that court.

2. An indicted defendant may, in the discretion of the court, be granted an order to inspect the minutes of the grand jury upon a proper application and for the purpose of moving to dismiss the indictment.

3. Other persons, in the discretion of the court, may inspect the minutes of the grand jury when the purpose of the inspection is to facilitate and make efficient the administration of justice.

4. So far as the reported cases in this State are concerned, those " other persons " have been duly elected or appointed law-enforcement bodies or officers. For example, the Attorney-General of the United States, Commissioner Samuel Seabury, appointed by the Governor of the State of New York, and the Commissioner of Police of New York City. (*Matter of Crain,* 139 Misc. 799; *Matter of Attorney-General of United States,* 160 Misc. 533, and collected cases therein.)

5. The objection of the District Attorney to such an order may be persuasive, but it is not conclusive upon the court. (*Matter of Martin,* 170 Misc. 919.)

The above five principles being the law of this State as this court understands it, then this petitioner must claim that it is either a duly organized and existing law-enforcing agency or that it has been endowed with powers similar thereto, or that if not such a body or person and not thusly endowed, then the petitioner urges the court in its sound discretion to establish a precedent and by granting this motion make the minutes of this Grand Jury available for the inspection of the petitioner — a *membership corporation.*

The petitioner does not claim that it is a duly elected or appointed law-enforcing body or agency, nor does it claim that it is *expressly* endowed with the powers common to such. It does, however, claim that because of the nature of its corporate purposes, " to cultivate the science of jurisprudence, to promote reform in law, and to facilitate the administration of justice," it is charged with a public duty " to correct, as far as is within its power, any error that may exist in the administration of justice in the City Court of Buffalo." It further claims that the January, 1944, Grand Jury recognized the existence of the duty claimed by the petitioner and charged it with the performance thereof.

Whether this be so must be determined by a reading of the report of the Grand Jury, the material portions having been heretofore set forth, and especially the concluding paragraph wherein the report states: " It seems to us that the situation which this grand jury is exposing relative to the manner in which certain cases are disposed of or handled in the City Court of Buffalo should be of grave concern to the Bar Association of Erie County." This is the only reference to the petitioner made by the Grand Jury in the entire report. Were it not for this concluding paragraph, the petitioner could make no claim of privity with or direction by the Grand Jury. It appears to this court that this statement is a mere observation by the Grand Jury and not a direction to the petitioner. That the District Attorney was directed by the Grand Jury to forward to the petitioner a copy of the report adds nothing to the petitioner's contention, nor does the fact that the District Attorney complied with the direction of the Grand Jury make his present position as an objector to the motion inconsistent with that act, as is claimed by the petitioner. All the foregoing leaves this court with the inescapable conclusion that the petitioner is not such a person or body as the courts of this State have heretofore permitted to examine the minutes of a grand jury.

We come now to the further argument of the petitioner. The petitioner argues in the language of the learned court in the *Matter of Attorney General of United States* (160 Misc. 533, *supra*) : " If there were no precedent, this would be a fitting time to make one."

If precedent is to be established hereby, it must be based in sound reasoning and in line with sound public policy and *in the public interest.* It should not be established in an attempt

to provide a remedy for an alleged current public ill. The cure may be such as to endanger the health, if not the life, of the patient. Such drastic treatment should not be prescribed if there be other well-recognized, proven and adequate remedies.

The underlying and basic question before this court is simply, will the public interest be better served by establishing a precedent herein and permitting the petitioner, a membership corporation with no vestment of public authority and with no powers of law enforcement, to inspect the minutes of this Grand Jury, as requested, or will the public interest be best served by denying this motion and thus, for the time at least, prevent further inroads into the historic privacy of the proceedings of a grand jury?

If the court establishes the precedent sought by the petitioner, can it at some later date deny a similar motion made by other membership corporations, many of whose purposes are no less lofty or idealistic, as concerns public interest, than those of the petitioner? A desire " to promote reforms in the law and to facilitate the administration of justice " is not a virtue peculiar to ourselves as lawyers, but is common to all persons, corporate as well as individual, who strive for betterment of government and freedom of individuals. To mention but a few types of these organizations brings many others to mind; for example, organizations dedicated to civic improvement, social welfare, educational advancement, labor, veterans' welfare, or such groups as parent-teachers' and taxpayers' associations, past grand-jurors' associations, judges' and police executives' associations. A court in exercising its sound discretion may be persuaded by such a precedent to grant motions made by all persons or groups similarly situated as this petitioner, and thereby greatly reduce and endanger the privacy of the proceedings of a grand jury, and in particular when that grand jury is engaged or has been engaged in an investigation into the official conduct of public officers.

As against the granting of this motion is the historic privacy of the grand jury proceedings. For hundreds of years this greatest single instrumentality of human freedom and liberty known to our form of government has enjoyed the guarantee of immunity from accountability, recrimination and persecution by those against whom accusations were made. This immunity has been enjoyed because of the historic secrecy surrounding the proceedings of the grand jury. In this State this secrecy is established by statute and penalties may be imposed

upon one violating that statute. Without this guarantee a witness may well hesitate to testify against one in an official or exalted position, and a talesman may fail in his sworn duty and the public interest would suffer thereby. It matters not that the January, 1944, Erie County Grand Jury has finished its work and been discharged. What does matter is that hundreds of grand juries are to follow this Grand Jury. The work of these juries must not be impaired. They must be free to protect the innocent and accuse the guilty, irrespective of station in life or position in the community. They must not be deterred in their function through fear that the recorded minutes of their proceedings might be scrutinized by others than those now determined by the courts of this State as being proper persons to examine the minutes of grand juries. These juries to follow should be assisted in their work by willing witnesses, secure in the feeling that their testimony is private but for the already established exceptions, which exceptions are based upon a proper regard for the public interest. That this be so is to the public interest, not only for today, but for tomorrow and for so long as the institution of government of free men shall endure.

There is no alternative in this State. The petitioner, on the other hand, has an alternative, an alternative which may far better fulfill the purposes set forth in the certificate of incorporation of the petitioner. This petitioner has indicated its familiarity with this alternative proceeding and recognizes it as such.

Section 132 of the Code of Criminal Procedure provides, among other matters: '' The appellate division shall also have power on its own motion, or on petition, to investigate or cause to be investigated, the said inferior courts, and the judges or justices thereof, and to designate a justice of the supreme court or to appoint a referee to conduct such investigations, the reasonable expenses thereof to be certified and made a charge in the manner hereinbefore provided.'' This justice or referee is armed with the three great inquisitorial powers: 1. Subpœna. 2. Testimony under oath. 3. The power of punishment for contempt.

Should the petitioner see fit to adopt this procedure, public interest sought to be served by the petitioner will be served and the secrecy of the proceedings of the Grand Jury will be continued within the already described limitations.

This court has properly refrained from examining the minutes of the Grand Jury in order that it might arrive at its

decision solely upon its determination of the law. It shall continue to do so irrespective of the suggestion made by the petitioner that the court examine the minutes in the course of deciding this motion, also irrespective of the suggestion contained in a memorandum filed by one nominating himself as *amicus curiæ*, that the court examine the minutes for the purpose of determining whether there was sufficient evidence before the Grand Jury to justify the making of the report by the Grand Jury. It is not the purpose of this court in this matter either to approve or criticize the report of the Grand Jury.

It seems to this court that if a motion to expunge the report be entertained by the court, such motion should be made by the party or parties claiming to be aggrieved thereby and not by a volunteer, even though that volunteer offers himself as an *amicus curiæ*.

It is to be noted that the report of the Grand Jury does not in any respect accuse the members of the Buffalo City Court of any willful or corrupt misconduct in office. Were there such evidence before this Grand Jury, it would have, in order to perform its solemn duty, returned indictments formally accusing members of that court of a crime. The absence of such indictments leads to the fair conclusion that there was before the January, 1944, Grand Jury no such evidence.

The Erie County Bar Association is to be commended for the energy and the industry which it has exhibited in investigating into the matter set forth in the report.

The conclusion of this court is that the best interests of the public will be served by a denial of this motion. It is so ordered. Prepare and submit order accordingly.