255 F.2d 118
 John DOE, an Attorney, Appellant,
v.
Samuel L. ROSENBERRY, David L. Benetar, Samuel M. Chapin, Horace S. Manges, Alexander Caldwell Neave, Stuart N. Scott, W. Mason Smith, Jr., David Teitelbaum, Stephen P. Duggan, Jr., Joseph E. Dyer, John A. Gifford, James H. Halpin, Roger Bryant Hunting, Murray Foster Johnson, Carlyle E. Maw, F. W. H. Adams, Ernest J. Ellenwood, John D. Garrison, Edgar M. Souza and Harris B. Steinberg, Appellees.
 No. 244.
 Docket 24875.
 United States Court of Appeals Second Circuit.
 Argued March 11, 1958.
 Decided May 8, 1958.
 
 Boris Kostelanetz, Corcoran, Kostelanetz & Gladstone, Arthur Karger, Jules Ritholz, of counsel, for appellant.
 Frederick H. Block, Frank H. Gordon, of counsel, for appellees.
 Before CLARK, Chief Judge, HAND, Circuit Judge, and BRENNAN, District Judge.
 HAND, Circuit Judge.
 
 
 1
 This appeal is from an order of Judge Dawson, denying a motion by the plaintiff that the Grievance Committee of the Association of the Bar of the City of New York be directed to return to the grand jury of the Southern District of New York the transcript of the testimony of all witnesses taken before that body and to surrender all copies of that testimony. The motion also asked that the Grievance Committee be forbidden to use the testimony or any information derived from it and that the Committee be stayed from any investigation "related to the use of aforesaid grand jury minutes."
 
 
 2
 The facts were as follows. The plaintiff is a member of the New York Bar against whom the United States Attorney for the Southern District of New York preferred "charges of corruption in government and * * * criminal activity" as "a former group chief in the [Intelligence Unit of the] Internal Revenue Service." The grand jury failed to indict; but having finished its investigation on September 21, 1955, it "unanimously voted that the activities of the appellant be referred to the Grievance Committee * * * by the United States Attorney." The United States Attorney thereupon presented the issue to the Committee, whose own attorney filed with it a charge against the plaintiff, and thereafter — with the support of the United States Attorney — obtained from Judge Dawson an order making available to the Committee the transcripts of minutes of the grand jury testimony. The Committee began a hearing under § 90(6) of the New York Judiciary Law, McKinney's Consol.Laws, c. 30, but before its completion the plaintiff moved before Judge Dawson that the transcripts should be returned and for other incidental relief. It is from an order denying all relief that the plaintiff has appealed. We are told, although this does not appear in the record, that the Committee has proceeded with the hearing and reported to the Appellate Division unfavorably to the plaintiff; and that that court has appointed a referee to hear the evidence presented by the Committee's attorney; also that the progress of that proceeding has been suspended by the consent of both parties, pending the decision of this appeal. The plaintiff's position is that Judge Dawson's order was a violation of his privilege that all testimony taken before the grand jury should not be disclosed.
 
 
 3
 We find it unnecessary to consider whether the common law would have authorized the order, because for us Rule 6(e) of the Rules of Criminal Procedure, 18 U.S.C.A. is the measure of the plaintiff's privilege. It first forbids any "disclosure of matters occurring before the grand jury" to anyone except "attorneys for the government" with exceptions not here relevant, and then declares that "otherwise a juror, attorney, interpreter a stenographer, may disclose matters occurring before a grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding." The position of the Committee is that the disclosure to them of the testimony taken before the grand jury was preliminary to a judicial proceeding: that is, to a proceeding upon the complaint of the Committee to the Appellate Division of the New York Supreme Court involving disciplinary sanctions against the plaintiff. This depends, first, upon whether the hearing by the Grievance Committee was "preliminary" to any charge of professional misconduct that it might make to the Appellate Division; and, second, whether any proceeding before that court upon such a charge was "a judicial proceeding" within the meaning of the rule.
 
 
 4
 The answer to the first question admits of no doubt. Section 90(7) of the New York Judiciary Law provides that in a county like that of New York the "presiding justice may * * * appoint an attorney and counsellor-at-law, designated by a duly incorporated bar association * * * to prosecute any such proceeding"; and the Appellate Division of the First Department (Matter of Branch, 178 App.Div. 585, 588, 165 N.Y.S. 688, 690) has declared that it "has long been the practice of this court to refer to said committee" (the Grievance Committee of the City Bar Association), "for investigation, in the first instance, complaints against members of the bar to see whether such complaints furnish sufficient ground for the submission of formal charges. Its work has been of the most important character and has been of great assistance to the court. When so proceeding, as the learned official referee has well said, its acts are quasi judicial; for on its conclusions formal charges are presented to the court." See also Matter of Wyte, 231 App.Div. 539, 547, 248 N.Y. S. 26.
 
 
 5
 The second question is whether a proceeding before the Appellate Division to discipline an attorney of the state court is within the term, "judicial proceeding," of Rule 6(e). It is true that it is not a criminal proceeding, Matter of Randel, 158 N.Y. 216, 219, 52 N.E. 1106; Matter of Popper, 193 App.Div. 505, 510, 184 N.Y.S. 406. On the other hand, it is a proceeding designed in the public interest to preserve the good name and the uprightness of the bar, made up, as it is, of attorneys who are public officers. We cannot agree that the Rule should be limited to criminal proceedings; on the contrary we hold that, prima facie, the term "judicial proceeding" includes any proceeding determinable by a court, having for its object the compliance of any person, subject to judicial control, with standards imposed upon his conduct in the public interest, even though such compliance is enforced without the procedure applicable to the punishment of crime. An interpretation that should not go at least so far, would not only be in the teeth of the language employed, but would defeat any rational purpose that can be imputed to the Rule. It is scarcely necessary to add that the situation is completely unlike the "presentment" of a grand jury such as was the subject of Judge Weinfeld's decision in Application of United Electrical, Radio & Machine Workers of America, D.C., 111 F.Supp. 858.
 
 
 6
 We wish to guard against the assumption that we are suggesting that the District Court would have in any event jurisdiction over the dispute to be decided by the proceeding pending before the Appellate Division or its referee, or that we might interfere with its or his possession of minutes of the testimony in question. We are assuming that these remain in the possession of the Grievance Committee. It is hardly necessary to add that we make not the remotest suggestion as to how they shall be used, or what should be regarded as their evidential competence in the proceeding to discipline the plaintiff. We merely refuse to interfere with the possession of the Grievance Committee.
 
 
 7
 Order affirmed.