**In the Matter of Disclosure of GRAND JURY TRANSCRIPTS.**

**Misc. No. 595.**

United States District Court,
S. D. Ohio, E. D.

Jan. 27, 1970.

---

Chief of Police, City of Columbus, Ohio, for an order releasing the transcript of the Grand Jury proceeding taken in the case of United States of America v. Ryan, Cr. No. 9253 (S.D.Ohio 1969). The applicant also seeks authorization for the use of said transcript in certain proceedings to be held before the Director of Public Safety for the City of Columbus, Ohio, with respect to disciplinary charges brought against several of the policemen-defendants in the case of United States of America v. Ryan, *supra*.

At the hearing held on this matter on January 26, 1970, the City Attorney for the City of Columbus, Ohio, indicated on behalf of the applicant that only certain parts of the Grand Jury transcript were being sought, namely, the testimony of the witnesses John Kaiser, Melvin Helmandollar and Lewis Mullins.

Rule 6(e) of the Federal Rules of Criminal Procedure provides in part:

> Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

John C. Young, City Atty., and William C. Melvin, Asst. City Atty., Columbus, Ohio, for applicant.

William W. Milligan, U. S. Atty., and were within ambit of rule permitting Alvin J. McKenna, Asst. U. S. Atty., Philip R. Michael, Atty., Dept. of Justice, Washington, D. C., on behalf of United States, Paul Scott, Harold Wonnell, Richard Addison, Paul Cassidy, Robert Bell, David Kessler, George E. Tyack and Frank Shearer, Columbus, Ohio, in opposition to application.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the application, made by Robert H. Baus,

An initial determination to be made is whether or not the proceedings in which this Grand Jury testimony is sought to be used is "preliminarily to or in connection with a judicial proceeding." The Supreme Court of Ohio has held, with respect to a proceeding essentially the same as that to be held before the Director of Public Safety of the City of Columbus, Ohio, that the acts of the di-

rector in inquiring into the cause of such suspension [of a police officer] and rendering a judgment thereon are administrative and *quasi* judicial, and not judicial. State ex rel. Smith v. Barnell, 109 Ohio St. 246, 142 N.E. 611 (1924).

■ The Court determines that the quasi judicial nature of the proceedings before the Director of Public Safety brings those proceedings within the ambit of Rule 6(e) Fed.R.Crim.P. in that they are "preliminarily to or in connection with a judicial proceeding." In Doe v. Rosenberry, 152 F.Supp. 403 (S.D. N.Y.1957), the Court held that preliminary inquiry by a Bar Grievance Committee with respect to whether a complaint should be filed and disciplinary proceedings instituted against a member of the Bar was quasi judicial in nature and thus disclosure of certain Grand Jury testimony was permissible under Rule 6(e) Fed.R.Crim.P. In affirming the order of the district court, the Second Circuit said:

> We cannot agree that the Rule [6(e)] should be limited to criminal proceedings; on the contrary we hold that, prima facie, the term "judicial proceeding" includes any proceeding determinable by a court, having for its object the compliance of any person, subject to judicial control, with standards imposed upon his conduct in the public interest, even though such compliance is enforced without the procedure applicable to the punishment of crime. Doe v. Rosenberry, 255 F.2d 118, 120 (2d Cir. 1958).

The City Charter of the City of Columbus, Ohio provides, with respect to a judgment of the Director of Public Safety on the suspension of a police officer, for appeal to the City Civil Service Commission and thereafter to the Court of Common Pleas. See, analogously, §§ 143.27 and 119.12, Ohio Revised Code. Thus, resort to judicial review is clearly contemplated with respect to the hearings before the Director of Public Safety. The Court further relies on the case of In re Bullock, 103 F.Supp. 639 (D.C.

District of Columbia 1952) wherein the court stated:

> The right to an office or employment with the Government or any of its agencies is not a "vested property right". [citing cases] "If they (the police officers) were guilty of the reprehensible conduct attributed to them, namely, of accepting graft in return for protecting Gross in his illegal business, their continued retention on the police force would have made law enforcement a mockery. Public interest, therefore, required that this testimony be made available to the Police Commissioner, to be used by him within the limits prescribed by law." [citing Application of Scro, 200 Misc. 688, 108 N.Y.S.2d 305, 307] * * * Where public interest is superior to the purpose of the secrecy of Grand Jury testimony, the latter protection will be disregarded and the minutes divulged within limits prescribed by law. In re Bullock, *supra,* 103 F.Supp. at 643.

Superior public interest is so found by the Court in the instant case.

Rule 6(e) Fed.R.Crim.P. further provides that some showing of good cause must be made by the applicant before disclosure of Grand Jury testimony will be made.

> The testimony before the grand jury is not a matter to be displayed before the public generally and should not be disclosed except upon good cause shown, and such cause should be reasonably founded upon facts. United States v. Wortman, 26 F.R.D. 183, 206 (E.D.Ill.1960). See also, Blumenfield v. United States, 284 F.2d 46 (8th Cir. 1960), cert. denied 365 U.S. 812, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961) and United States v. Procter & Gamble Co., 180 F.Supp. 195 (D.C.N.J.1960).

■ The applicant in this matter has failed to show good cause with respect to the Grand Jury testimony of both Melvin Helmandollar and Lewis Mullins. Their testimony in the trial on the indictment has been represented to this

Court as essentially the same as their testimony before the Grand Jury. The record of this criminal case, United States of America v. Ryan, Cr. No. 9253 (S.D. Ohio 1969), is a matter of public record and is readily available to the applicant. Therefore, the testimony of these two witnesses before the Grand Jury shall remain secret. See In re Bullock, 103 F.Supp. 639, 643 (D.C. District of Columbia 1952).

 The testimony of John Kaiser before the Grand Jury, however, stands in a different posture. It is not disputed that the testimony of this witness before this Court on the trial of the indictment in the *Ryan* case differed materially from what the witness Kaiser revealed to the Grand Jury. Further, it appears to the Court that the witness Kaiser has exercised his Fifth Amendment privilege against self-incrimination in a prior hearing before the Director of Public Safety on the same matter, thus making the Grand Jury transcript the only available source of relevant testimony from the witness Kaiser. The Court determines that these facts demonstrate good cause and a particularized need and thus determines that the testimony of John Kaiser before the Grand Jury should be disclosed.

Whereupon, the Court orders that whatever use that has been previously made of any of the Grand Jury transcript should be and the same is hereby declared null and void. The Director of Public Safety of the City of Columbus, Ohio, James J. Hughes, Jr., is hereby ordered to turn over to the Clerk of Courts for the United States District Court at Columbus, Ohio, by 12:00 o'clock noon on Wednesday, January 28, 1970, any and all written references to or recorded transcripts of any of the Grand Jury testimony that may have been used prior to the date of this Order, for the purposes of impeachment or as substantive evidence or otherwise in certain proceedings before said Director with respect to the suspension of police officers from the Columbus, Ohio Police Department. These transcripts to be turned over include the reporter's notes taken during said proceedings and any written recordations made therefrom.

The Court further finds that the application is meritorious in part and therefore it is granted with respect to the Grand Jury testimony of the witness John Kaiser. The Court hereby orders that a copy of the transcript of said Grand Jury testimony be made available for the use of the applicant, Robert H. Baus, Chief of Police, City of Columbus, Ohio, in the proceedings to be held before the Director of Public Safety for the City of Columbus, Ohio with respect to the suspension of certain police officers.

The Court finds that, with respect to the request of the applicant for the Grand Jury transcript of the testimony of the witnesses Melvin Helmandollar and Lewis Mullins, that the application is without merit and therefore it is denied.