In re SPECIAL FEBRUARY 1971 GRAND JURY, Howard Jachimowski, et al., Petitioners-Appellants.

v.

James B. CONLISK, Jr., Superintendent of Police, Respondent-Appellee.

No. 73-1207.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 18, 1973.

Decided Dec. 20, 1973.

Anna R. Lavin, George F. Callaghan, Edward J. Calihan, Jr., Martin S. Gerber, Chicago, Ill., for petitioners-appellants.

Richard L. Curry, Corp. Counsel, Daniel Pascale, William R. Quinlan, Asst. Corp. Counsels, James R. Thompson, U. S. Atty., William T. Huyck, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and SPRECHER, Circuit Judge.

CASTLE, Senior Circuit Judge.

This is an appeal from an order of the district court denying the motion of plaintiffs, five Chicago policemen, to vacate two prior district court orders authorizing the disclosure to the Superintendent of Police of grand jury minutes pertinent to the policemen's appearances before the grand jury and permitting court reporters to testify at a Chicago Police Department inquiry on matters occurring before the grand jury. On appeal, the policemen contend that the orders sought to be vacated constitute a violation of rule 6(e) of the Federal Rules of Criminal Procedure, which provides for the secrecy of grand jury proceedings. Finding no abuse of discretion in the court's granting of the two orders relative to the disclosure, we affirm the order of the court denying the policemen's motion to vacate those orders.

The policemen appeared before a federal grand jury investigating allegations of criminal conspiracy and corruption among members of the Chicago Police Department. Subsequently, the men were summoned to appear before the Police Department's board of inquiry. The men were charged with violating certain departmental rules.[1] The Superintendent of Police and defendant, James B. Conlisk, Jr., thereafter petitioned the court for the orders authorizing disclosure of the grand jury minutes and permitting the court reporters to testify. The court granted the orders, and the Department formally notified the policemen that at their hearing it intended to call the court reporters as witnesses to testify and to produce transcripts of the policemen's testimony before the grand jury. The men then filed a motion to vacate the orders, which the court denied.

From earliest times, grand jury proceedings have been traditionally secret. In re April 1956 Term Grand Jury, 239 F.2d 263, 269 (7th Cir. 1956). The interests on which this tradition rest are numerous: the interest of the government against disclosure of criminal investigation which might forewarn the intended objects of the inquiry or inhibit future witnesses; the interest of a witness against disclosure of others' testimony which he has had no opportunity

---

1. The charges included violating rule 51, which prohibits:

Failing to give evidence before the Grand Jury, Coroner's inquest, in court, or before any governmental body, including the Police Board, when properly called to do so, or refusing to testify on the grounds that it might incriminate the member. . . .

to cross-examine or rebut, or of his own testimony where he may have been subjected to prosecutorial intimidation without the protestation of counsel; the interest of those unfavorably mentioned in prosecutors' questions or witnesses' answers; and the protection of witnesses and grand jurors against reprisals. In re Biaggi, 478 F.2d 489, 491–492 (2d Cir. 1973) (Friendly, J.); Pittsburgh Plate Glass Co. v. United States, 360 U. S. 395, 405, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). The secrecy of grand jury proceedings is not absolute, however. The Federal Rules of Criminal Procedure provide three exceptions in rule 6(e) to the secrecy requirement. Disclosure of matters occurring before the grand jury "may be made to the attorneys for the government for use in the performance of their duties." The court may grant the request of a defendant for access to grand jury minutes "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Finally, matters may be disclosed "when so directed by the court preliminarily to or in connection with a judicial proceeding."

■ Respecting the first exception, while the rule refers to attorneys for the government, this phrase has been construed to include only attorneys for the United States government and not municipal, county or state attorneys. In re Holovachka, 317 F.2d 834 (7th Cir. 1963), United States v. Downey, 195 F. Supp. 581 (S.D.Ill.1961). The second exception is patently inapposite. We must therefore determine whether the testimony was sought preliminarily to or in connection with a "judicial proceeding." That depends, first, on whether the police board hearings are "preliminary" to judicial review of findings of misconduct, and second, on whether review by the Illinois courts is a "judicial proceeding" within the meaning of the rule.

■ An elaboration of the Illinois statutory scheme is necessary to a reso-lution of this question. The Superintendent is empowered to enforce Departmental discipline through the placing of charges against members of the force. When the disciplinary remedy sought is dismissal or suspension for more than thirty days, the policeman is entitled to a hearing before a Departmental board of inquiry. The policeman may appear with counsel of his choice to present witnesses and evidence in his own behalf, and he may cross-examine witnesses giving evidence against him. Ill.Rev. Stat. ch. 24, sec. 10–1–18.1 (1969). The formal or technical rules of evidence do not apply, Id.; however, a record of the hearing is made. If the board orders the penalty sought, the policeman is entitled to judicial review of the decision by the Circuit Court of Cook County, with an appeal as of right to the Appellate Court of Illinois.

This statutory scheme resembles that found in In re Grand Jury Transcripts, 309 F.Supp. 1050 (S.D.Ohio 1970), in which the Columbus, Ohio Chief of Police was granted disclosure of grand jury testimony for use in a proceeding before the city's director of public safety, at which the Chief sought the suspension of several policemen. The City Charter provided "with respect to a judgment of the Director of Public Safety on the suspension of a police officer, for appeal to the City Civil Service Commission and thereafter to the [Ohio] Court of Common Pleas." Id. at 1052. The court found that the director's acts in inquiring into the charges for which suspension was sought and in rendering judgments were quasi-judicial in nature and therefore within the purview of rule 6(e). Citing Doe v. Rosenberry, 255 F. 2d 118 (2d. Cir. 1958). That case holds that disclosure of grand jury minutes to the New York City Bar's Grievance Committee for investigation as to whether disciplinary proceedings should be instituted before the Appellate Division of the New York Supreme Court was "preliminary to a judicial proceeding." But that determination was not

framed simply on the Grievance Committee's quasi-judicial nature, but rather on the fact that judicial action on charges predicated on the Committee's findings necessarily followed the Committee's hearings. Nonetheless, the principle was followed, even if not stated, in In re Grand Jury Transcripts, *supra*. The court found, "[R]esort to judicial review is clearly contemplated with respect to the hearings before the Director of Public Safety." 309 F.Supp. at 1052. The court properly ignored the formalistic distinction (in this context) as to which party bears the burden of presenting the quasi-judicial findings of culpability to the court, the board (Doe v. Rosenberry, *supra*) or the individual after sentence has been imposed but not executed (In re Grand Jury Transcripts, *supra*), so long as the statute envisioned that the findings are subsequently presented to the court. We similarly decline the policemen's invitation to distinguish their appeal on the ground that, unlike In re Grand Jury Transcripts, *supra*, their sentence is executed prior to their appeal to the state courts. The statutory scheme involved here plainly contemplates judicial review of the board's findings, and we must therefore conclude, in answering the first question, that the police board hearing is "preliminary" to judicial review.

■ The second question is whether the judicial review envisioned by the statute is within the ambit of the term "judicial proceeding" found in rule 6(e). Judge Learned Hand articulated the classic definition of that term in Doe v. Rosenberry:

> [T]he term "judicial proceeding" includes any "proceeding" determinable by a court, having for its object the compliance of any person, subject to judicial control, with standards imposed upon his conduct in the public interest, even though such compliance is enforced without the procedure applicable to the punishment of crime. 255 F.2d at 120.

The power of the Illinois courts on review of the board's findings is vast. It extends to all questions of law and of fact presented in the record. The court may affirm or reverse the decision in whole or part, or it may remand the decision for further consideration or the taking of additional evidence. Ill.Rev. Stat. ch. 110, sec. 274–275 (1945). Where the power of the reviewing court is so immense, we find that the proceeding is in fact "determinable" by the court. The court clearly seeks the individual's compliance with standards imposed on his conduct in the public interest, for, like Doe v. Rosenberry, *supra*, at 120, this proceeding is designed to preserve the good name and uprightness of public officers. Finally, the Circuit Court of Cook County's decision is subject to further judicial review, with an appeal as of right to the Appellate Court of Illinois. We conclude therefore that the requirement of a judicial proceeding is satisfied by this statutory scheme.

■ Even if the literal requirements of the rule are met, "the indispensible secrecy of grand jury proceedings must not be broken except where there is compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with great particularity (citations omitted)" United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 987, 2 L.Ed.2d 1077 (1958), In re Holovachka, *supra*, 317 F.2d, at 837. In In re Bullock, 103 F.Supp. 639 (D.C., 1952), the court released grand jury minutes to the Commissioners of the District of Columbia in connection with a proceeding to determine whether Bullock had been derelict in his duties as a supervisory police officer. The court found that the Commissioners had a duty and a responsibility to supervise the police and to take necessary steps to maintain its good name and that this public interest warranting disclosure was superior to that mandating grand jury secrecy. *Id.* at 643. The testimony sought by the Superintendent was given before a

grand jury investigating alleged crimes committed by police officers. The effectiveness of the police as an instrument of law enforcement is directly related to public confidence and cooperation. Because the maintenance of police integrity and credibility is essential to public confidence, the disclosure of testimony by policemen to a police board in order to discipline those abusing public offices is a sufficient public interest to override the policy of shielding the grand jury from public scrutiny. *Accord,* In re Bullock, *supra*; *Cf.,* United States v. Skurla, 126 F.Supp. 711 (D.C.Pa.1954); United States v. Smyth, 104 F.Supp. 279 (D.C.Cal.1952). Moreover, the purpose of rule 6(e) is to facilitate efficient adjudication for the protection of the public. Certainly, the release of grand jury testimony to a police board seeking to prevent those who may be perpetrators of crime from clothing themselves in the trappings of the law can only redound to the protection of the public with whom such figures of authority come into contact.

■ Since disclosure effectuates the policy of the rule and since the literal requirements of the rule are satisfied, we find that the trial court did not abuse its discretion in ordering the disclosure of grand jury minutes. *See,* Pittsburgh Plate Glass Co. v. United States, *supra* (Brennan, J., dissenting), United States v. Berata, 343 F.2d 469, 2d Cir. 1965, cert. den., 382 U.S. 812, 86 S.Ct. 28, 15 L.Ed.2d 60 (1965). We note that our decision does not preempt either quasi-judicial or judicial bodies from determining in their proceedings the relevancy or the materiality of the grand jury testimony. We note further that this decision relates solely to the narrow question of the release of grand jury testimony. Such testimony cannot, of course, be used in a manner violative of the policemen's constitutional rights. This court has ruled, in a case arising out of the same factual situation, that

the police board inquiry must be an accounting of public faith with policemen advised that their answers would not be used against them in criminal proceedings and with questions specifically, directly and narrowly related to their official duties. Confederation of Police v. Conlisk, 489 F.2d 891, at 894, 896 (7th Cir.) (1973).[2]

Affirmed.

2. The court further held, "Rule 51, to the extent that it denies police officers the privilege against self-incrimination where there is a threat of criminal prosecution, is constitutionally invalid." *Id.* at 896.