**In re DECEMBER 1988 TERM GRAND JURY INVESTIGATION.**

**Misc. No. 2005–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 10, 1989.

Robert Conrad, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Government's Motion for Disclosure of Matters Occurring before the Grand Jury to the Immigration and Naturalization Service, filed March 13, 1989, pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure. Attached to the Motion, the Government filed the Government's Memorandum of Points and Authorities (collectively "the Motion"). In essence, the Government wants the Court to direct the disclosure of testimony occurring before the December 1988 Charlotte Grand Jury to the Immigration and Naturalization Service (INS) in connection with deportation proceedings now pending before the Executive Office for Immigration Review.

In its Motion, the Government contends that a deportation hearing "is clearly a judicial proceeding within the meaning of the statute." The Government states that the INS, as a division of the Department of Justice, administers the Immigration and Nationality Act ("the Act") on behalf of the Attorney General, who has primary responsibility for the Act's enforcement. The Government states also that the Act establishes a detailed civil administrative procedure for determining when a specific person is to be deported. The Government asserts, further, that special inquiry officers, known as Immigration Judges, preside over the deportation hearings, administer oaths, receive evidence, interrogate and cross-examine witnesses, and make deter-

minations including orders of deportation. The Government states, moreover, that appeals from deportation orders are first to the Board of Immigration Appeal and thereafter to the federal courts of appeal.

In ruling on petitions for disclosure of grand jury transcripts or documents, trial courts have substantial discretion. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223, 99 S.Ct. 1667, 1675, 60 L.Ed. 2d 156 (1979). The basic premise concerning disclosure is that to insure the confidentiality of the grand jury process, matters occurring before the Grand Jury are secret. Fed.R.Crim.P. 6(e)(2); *see Douglas Oil*, 441 U.S. at 218–19, 99 S.Ct. at 1672–73; *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958). Rule 6(e)(3)(C) of the Federal Rules of Criminal Procedure, however, provides exceptions to the general rule of secrecy. F.R.Crim.Pro. 6(e)(3)(C). Under Rule 6(e)(3)(C)(i), disclosure is possible when "directed by a court preliminarily to or in connection with a judicial proceeding." *Id.* 6(e)(3)(C)(i).

In *United States v. Baggot*, the United States Supreme Court recently considered the language "preliminarily to or in connection with a judicial proceeding" contained in Rule 6(e)(3)(C)(i). *See United States v. Baggot*, 463 U.S. 476, 480–83, 103 S.Ct. 3164, 3167–69, 77 L.Ed.2d 785 (1983). The Supreme Court noted that:

> [The judcial proceeding requirement] reflects a judgment that not every beneficial purpose, or even every valid governmental purpose, is an appropriate reason for breaching grand jury secrecy. Rather, the Rule contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated. Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the actual use to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under (C)(i) is not permitted.

*Id.* at 480, 103 S.Ct. at 3167 (citations omitted). In the case before the Court, the Government concedes that it will use the Grand Jury testimony in a deportation hearing conducted by the INS.

The threshold inquiry for the Court, therefore, is whether an INS deportation hearing is a judicial proceeding or preliminary to or connected with a judicial proceeding. After carefully reviewing the Government's Motion and applicable law, the Court concludes that an INS deportation hearing is neither a judicial proceeding nor preliminary to or connected with a judicial proceeding. The Court holds, therefore, that disclosure of Grand Jury testimony to the INS for use in deportation proceedings now pending is not appropriate. The Court, thus, must deny the Government's Motion.

■ Courts often have attempted to define the term "judicial proceeding" in relation to Rule 6(e)(3)(C)(i) and often have considered whether a particular administrative proceeding falls within the scope of the exception to grand jury secrecy provided in Rule 6(e)(3)(C)(i). *See, e.g., Baggot*, 463 U.S. at 477, 103 S.Ct. at 3165 (IRS civil tax audit); *In re Federal Grand Jury Proceedings*, 760 F.2d 436 (2d Cir.1985) (attorney discipline proceedings); *Special February 1971 Grand Jury v. Conlisk*, 490 F.2d 894 (7th Cir.1973) (police disciplinary proceedings); *Doe v. Rosenberry*, 255 F.2d 118 (2d Cir.1958) (bar association grievance committee); *In re Grand Jury Proceeding*, 613 F.Supp. 672 (D.Or.1985) (Customs Service's civil penalty proceedings). The Court has not found, however, any published decision considering whether an INS deportation hearing is a judicial proceeding or preliminary to or connected with a judicial proceeding.

The United States Court of Appeals for the Second Circuit has defined the term "judicial proceeding" in relation to Rule 6(e)(3)(C)(i) as:

> Any proceeding determinable by a court having for its object the compliance of any person, subject to judicial control, with standards imposed upon his conduct in the public interest even though such

compliance is enforced without the procedure applicable to the punishment of crime. An interpretation that should not go at least so far, would not only be in the teeth of the language employed, but would defeat any rational purpose that can be imputed to the Rule.

*Doe v. Rosenberry*, 255 F.2d 118, 120 (2d Cir.1958). The Court believes that a deportation hearing conducted by the INS as a division of the Department of Justice clearly is not, in and of itself, a judicial proceeding. Even though the presiding officer at a deportation hearing is called an "Immigration Judge" and an Immigration Judge has some judicial responsibilities during a deportation hearing, a deportation hearing is, instead, an administrative proceeding.

■ The only issue before the Court, consequently, is whether an INS deportation hearing is preliminary to or connected with a judicial proceeding. Courts narrowly have construed the language "preliminarily to or in connection with a judicial proceeding" contained in Rule 6(e)(3)(C)(i). The term "in connection with" in Rule 6(e)(3)(C)(i) refers to a judicial proceeding already pending and the term "preliminarily to" refers to a judicial proceeding not yet initiated. *See Baggot*, 463 U.S. at 479, 103 S.Ct. at 3166. Courts have recognized that in determining whether a proceeding is preliminary to or connected with a judicial proceeding, courts ordinarily focus on the certainty of judicial review. *See, e.g. In re April 1977 Grand Jury Proceedings*, 506 F.Supp. 1174, 1179 (E.D.Mich.1981); *In re Grand Jury Matter*, 495 F.Supp. 127, 130 (E.D.Penn.1980). Courts have focused specifically on the statutorily-authorized opportunity for, and the scope of, judicial review of the administrative determination. *In re April 1977 Grand Jury Proceedings*, 506 F.Supp. at 1179–81; *In re Grand Jury Matter*, 495 F.Supp. at 130–31. Courts essentially have recognized that the only administrative proceedings that are preliminary to a judicial proceeding are those proceedings in which a clear pathway exists between the administrative process and the judicial process and the ultimate judicial role is a very substantial one. *In re Disclosure of Testimony Before the Grand Jury*, 580 F.2d 281, 285–86 (8th Cir.1978) (holding that if designed to culminate in judicial proceeding, administrative proceeding is preliminary to judicial proceeding); *Special February 1971 Grand Jury*, 490 F.2d at 897 (holding that when statutory scheme clearly contemplates judicial review, administrative proceeding is preliminary to judicial proceeding); *In re April 1977 Grand Jury Proceeding*, 506 F.Supp. 1174, 1179 (E.D.Mich.1981) (recognizing need for direct relationship between administrative proceeding and judicial proceeding and substantiality of judicial review); *In re Grand Jury Matter*, 495 F.Supp. at 132 (noting that mere judicial review is not sufficient to allow administrative proceeding to be considered as preliminary to judicial proceeding). *But see In re Proceedings Before the Federal Grand Jury for the District of Nevada*, 487 F.Supp. 1098, 1101–02 (D.Nev.1980) (holding that when judicial review of administrative proceeding is impossible under administrative scheme, proceeding is not preliminary to judicial proceeding). Courts have acknowledged, however, that an administrative proceeding is not preliminary to a judicial proceeding merely because the administrative scheme contemplates a form of judicial review at some point. *In re Grand Jury Matter*, 495 F.Supp. at 130.

The Court will consider, first, the sequence from an INS administrative proceeding to judicial review. After an Immigration Judge issues an order of deportation, a party may appeal to the Board of Immigration Appeal. 8 C.F.R. § 242.21 (1988). An appeal to the Board of Immigration Appeal exhausts a party's administrative remedies. After a party has exhausted the available administrative remedies and the INS has issued a final order of deportation, a party may appeal directly to the federal courts of appeals. *Landon v. Plasencia*, 459 U.S. 21, 27, 103 S.Ct. 321, 326, 74 L.Ed.2d 21 (1982) (recognizing right of aggrieved party, upon final INS determination, to appeal to federal courts of appeals); *Townsend v. United States Dept. of Justice I.N.S.*, 799 F.2d 179, 182 (5th Cir.1986) (requiring exhaustion of adminis-

trative remedies before judicial review); *Jacobe v. Immigration and Naturalization Service,* 578 F.2d 42, 44 (3d Cir.1978) (mandating exhaustion of administrative remedies before seeking judicial review); 8 U.S.C.A. § 1105a(c) (West 1970) (prohibiting judicial review of deportation order unless alien has exhausted administrative remedies). After considering the review process of an INS determination made at a deportation hearing, the Court concludes that a clear pathway exists between the administrative proceeding and judicial review by the federal courts of appeals.

The Court will consider, next, the scope of judicial review to determine whether the ultimate judicial role is a very substantial one. Courts have recognized that for a judicial role to be substantial, the power of the reviewing court must be so immense as to permit the issues to be determinable by the court. *Special February 1971 Grand Jury,* 490 F.2d at 897 (interpreting term "determinable" found in Second Circuit's definition of judicial proceeding in *Doe v. Rosenberry* ); *Doe v. Rosenberry,* 255 F.2d 118, 120 (2d Cir.1958). The traditional judicial review of administrative proceedings ordinarily is not sufficient to turn the judicial role into a substantial role. *In re April 1977 Grand Jury Proceedings,* 506 F.Supp. at 1179; *In re Grand Jury Matter,* 495 F.Supp. at 132–33. Courts have recognized that when the judicial review does not extend to all questions of law and fact presented by the record and does not afford the reviewing court the opportunity thoroughly to scrutinize the administrative record, the judicial role is not substantial. *See Special February 1971 Grand Jury,* 490 F.2d at 89 (permitting disclosure when authority of court extends to review of all questions of law and fact presented in record); *In re April 1977 Grand Jury Proceedings,* 506 F.Supp. at 1179 (for judicial role to be substantial, court requires thorough judicial canvass of administrative record); *In re Grand Jury Matter,* 495 F.Supp. at 132–33 (denying disclosure partly because judicial review did not involve opportunity for judicial canvass of administrative record on fact and law).

Courts of appeals have defined the scope of judicial review of deportation orders in various ways. Judicial review of deportation orders, however, essentially involves determining, first, whether substantial evidence exists in the record to support the administrative determination; second, whether the administrative determination was an abuse of discretion; and, third, whether a lack of procedural due process on the administrative level existed. *Wing Ding Chan v. Immigration and Naturalization Service,* 631 F.2d 978, 980–81 (D.C. Cir.1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1371, 67 L.Ed.2d 349 (1981); *Carrasco–Favela v. Immigration and Naturalization Service,* 563 F.2d 1220, 1222 (5th Cir.1977); *Longoria–Castenada v. Immigration and Naturalization Service,* 548 F.2d 233, 235–36 (8th Cir.), *cert. denied,* 434 U.S. 853, 98 S.Ct. 169, 54 L.Ed.2d 123 (1977); *Vissian v. Immigration and Naturalization Service,* 548 F.2d 325, 328–29 (10th Cir.1977). Section 1105a(a)(4) of Title 8 of the United States Code, in fact, provides that judicial review is determined solely on the administrative order and that if supported by reasonable, substantial, and probative evidence, the administrative findings are conclusive. *See* 8 U.S.C.A. § 1105a(a)(4) (West 1970). After reviewing the relevant law, the Court concludes that the ultimate judicial role in reviewing an INS determination is not substantial.

Because the judicial role is not substantial, the Court believes, therefore, that an INS deportation hearing is not preliminary to or connected with a judicial proceeding. The Court, consequently, must deny the Government's Motion for disclosure. The Court finds it unnecessary to consider whether the Government has made the requisite showing of particularized need. *See Baggot,* 463 U.S. at 480, 103 S.Ct. at 3167 (recognizing conjunctive nature of judicial proceeding and particularized need requirements for disclosure of grand jury matters).

NOW, THEREFORE, IT IS ORDERED that the Government's Motion be, and hereby is, DENIED.