**In re 1979 GRAND JURY SUBPOENA.**

**Misc. No. 79–51–A.**

United States District Court,
M. D. Louisiana.

Oct. 12, 1979.

---

John R. Martzell, Martzell, Montero & Lamothe, New Orleans, La., for mover, Judge Luther Cole.

Donald L. Beckner, U. S. Atty., Baton Rouge, La., for respondent.

## ORDER

JOHN V. PARKER, District Judge.

This matter is before the Court on a Motion to Quash a grand jury subpoena and accompanying subpoena duces tecum issued by the federal grand jury to Judge Luther Cole.

As to the subpoena, mover lists two grounds for quashing. First, it is claimed that the grand jury is without jurisdiction to issue a subpoena because it is not investigating a federal crime. The U. S. Attorney has filed an affidavit in this record declaring that the September 1979 grand jury for the Middle District of Louisiana is investigating the possibility of the violation of federal criminal laws and that Judge Cole has been subpoenaed to give evidence in reference to that investigation. Mover has not directed this Court to any authority which would permit it to go beyond that declaration, to inquire into the nature of the grand jury investigation, or to circumscribe the power and authority of the grand jury. On the contrary, it appears that the jurisprudence is clearly to the contrary. As the Supreme Court stated long ago in *Blair v. U. S.*, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979 (1918):

". . . [W]itnesses are not entitled to take exception to the jurisdiction of the grand jury or the court over the particular subject-matter that is under investigation. In truth it is in the ordinary case no concern of one summoned as a witness whether the offense is within the jurisdiction of the court or not. At least the court and grand jury have authority and jurisdiction to investigate the facts in order to determine the question [of] whether the facts show a case within their jurisdiction." (39 S.Ct. at 471)

Clearly, this grand jury has ample authority and jurisdiction to investigate the facts in order to determine whether those facts show a federal violation within its jurisdiction.

The second basis for the Motion to Quash the subpoena involves a declaration by counsel that mover intends to invoke his constitutional privileges under the Fifth Amendment to the U. S. Constitution in the event he is actually called before the grand jury. The motion declares that by a letter dated October 8, 1979, addressed to the United States Attorney, counsel for mover advises the government that the mover will invoke the privilege "not to be a witness against himself should he appear before the United States grand jury for the Middle District of Louisiana." This letter is submitted as grounds for quashing the subpoena and counsel urges the Court to exercise its "supervisory jurisdiction" on the grounds that mover has advised the United

States Attorney of his intention to invoke the privilege and that fact, coupled with the extensive publicity "engendered by the United States Attorney's Office, the requirement that the judge then be compelled to invoke the privilege before the jury with all of the attendant publicity outside of the grand jury would be unduly prejudicial and not serve the purposes of the grand jury investigation."

Initially, this Court does not exercise "supervisory jurisdiction" over the grand jury except in the very broadest sense of the term. The Court clearly has no jurisdiction or authority to control the nature of the grand jury investigations or the witnesses whom the grand jury subpoenas in the ordinary case. This Court has given very close and serious consideration to the arguments made by counsel and has carefully examined all of the authorities cited in the briefs submitted to the Court, and, as pointed out, *infra*, has found that they do not support the proposition that this Court has the authority to interfere with a valid subpoena requiring attendance before the grand jury, under these circumstances.

In both *Hale v. Henkle*, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906), and *Hoffman v. U. S.*, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951), the witnesses appeared before the grand jury. In these cases the court dealt with witnesses who invoked the privilege while testifying before the grand jury. In *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), the issue before the Court involved the objection of newsmen to appearing before a grand jury with respect to questions concerning confidential sources. *U. S. v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), dealt with the question of forcing witnesses to produce voice exemplars. *McNabb v. U. S.*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1942), and *Rea v. U. S.*, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233 (1956), do not even involve grand juries. They are criminal law cases concerned with the use of certain evidence at trial. The type of evidence that a grand jury could hear was the issue found in *Costello v. U. S.*, 350 U.S. 359, 76 S.Ct.

406, 100 L.Ed. 397 (1956), and *Lawn v. U. S.*, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). The only issue in *In Re Minkoff*, 349 F.Supp. 154 (D.C.1972), was a question of a witness' right to a transcript of her testimony before a grand jury. *U. S. v. Sweig*, 316 F.Supp. 1148 (D.C.1970), is in some ways very similar factually to the case at hand but the focus of that decision was the possible quashing of an indictment due to grand jury leaks and publicity. In *U. S. v. Pack*, 150 F.Supp. 262 (D.C.1957), the petitioner disputed the right of the grand jury to take testimony that would be used at trial in a case under an indictment already handed down by a former grand jury.

These cases are clearly inapplicable to the issues raised by this motion. On the other hand other decisions have directly confronted these allegations and they have uniformly affirmed the power of the grand jury to summon witnesses.

"With respect to the witness' final contention, the law does not require the Grand Jury to accept a witness' 'public announcement' that he will not testify. A Grand Jury with a legitimate interest in hearing from a particular witness may call him, and put him to the test of whether he will testify, assert his rights under the Fifth Amendment, if it applies, or refuse to testify." (Citations omitted) (*Matter of Archuleta*, 432 F.Supp. 583, 597 [1977 S.D.N.Y.])

The U. S. Attorney correctly points out that we have no way of knowing what testimony the witness may or may not actually give upon appearing before the grand jury, as well as that there are questions which could be asked that would not be within the ambit of protection of the Fifth Amendment.

Counsel for mover has so earnestly and sincerely argued his case that the Court has given every consideration to every aspect of this motion. Counsel has repeatedly made reference to prejudicial publicity emanating from the office of the United States Attorney relative to the issuance of the subpoena and has predicated argument upon the assumption that the testimony of the witness before the grand jury will be made public.

That is an erroneous assumption. Rule 6(e) of the Federal Rules of Criminal Procedure specifically provides that the United States Attorney (among others) "shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. . . . A knowing violation of rule 6 may be punished as a contempt of court."

Disclosures authorized by Rule 6 are rigidly controlled and none of them involve statements to the press.

■ Thus, it is clear that if the testimony of this witness before the grand jury is made known to the press or otherwise released to the public it will be by the witness himself. Specifically, neither the United States attorney, any grand juror, any court reporter or other person who has knowledge of the testimony of the witness or whether he pleads the privilege of the Fifth Amendment can make any statement concerning it to the public because that is a "matter occurring before the grand jury." If the testimony is made public, it can be only through the actions of the witness himself.

This Court wants it clearly understood that it will not hesitate to invoke the provisions of Rule 6 and to punish any offender for contempt of court for knowing violation of Rule 6.

This Court, in the presence of counsel for mover, has discussed with the U. S. Attorney the provisions of Local Rule 27–B, which reads as follows:

"With respect to a grand jury or the pending investigation of any criminal matter, a lawyer participating in the investigation shall refrain from making any extrajudicial statement for dissemination by any means of public communication, that goes beyond the public record or that is not necessary to inform the public that the investigation is under way, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warn the public of any dangers, or otherwise to aid in the investigation."

This Court has indicated to the U. S. Attorney that it feels that some of the public statements made have come dangerously close to violation of the above-quoted Local Rule and possibly of the verbal order of the court previously issued sealing the contents of this record. The U. S. Attorney has assured the Court that statements to the press regarding this particular matter will be more carefully controlled and carefully weighed in the future. The Court accepts that declaration of the U. S. Attorney and, at this time, declines to issue any additional order regarding public statements concerning matters pending before the grand jury.

This Court is fully cognizant of the sensitive position occupied by the mover, who is a duly elected public official of the State of Louisiana, but who, like any other citizen of this state, has the obligation to appear before a grand jury and give evidence. The U. S. Attorney has repeatedly stated in the presence of this Court, and for the record, that the witness is not a "target" of the investigation and is being called before the grand jury solely as a witness; in other words, the issuance of the subpoena implies no wrongdoing on the part of Judge Cole and the U. S. Attorney makes no such implication.

Under these circumstances, this Court simply has no authority to interfere with the proceedings of the grand jury, and the Motion to Quash the subpoena is DENIED.

■ Mover also objects to the subpoena duces tecum issued to him. That subpoena is extremely vaguely worded and demands that the witness produce numerous documents which may or may not properly be the subject of a subpoena duces tecum. The documents all seem to be personal records of the witness and may well be protected by the provisions of the Fifth Amendment. There has been no delineation between what must be brought by the witness and what would be protected and this Court will not place the witness in a position where he must guess as to that determination. Louisiana's law requires candidates for public office to prepare and make public some campaign financial rec-

ords. Records such as that clearly would be subject to a subpoena duces tecum; other campaign records might well not be subject to a subpoena duces tecum. See *In Re Grand Jury Proceedings Robert M. McCoy and Charles Sussman,* 601 F.2d 162 (5th Cir., 1979).

Accordingly, the Motion to Quash the subpoena duces tecum is GRANTED, with leave for the U. S. Attorney and the Grand Jury to prepare a substitute subpoena that meets constitutional requirements.

Counsel for mover has requested that the Court withdraw its previous order sealing the contents of this record. The Court concurs and it is so ordered.