717 F.2d 1136
 In the Matter of GRAND JURY PROCEEDINGS, MILLER BREWING COMPANY.
Appeals of MILLER BREWING COMPANY: Harlan Woyahn, Thomas
Hoover, James Doherty, and Ernest Anschutz; and
United States of America.
 Nos. 81-2077, 81-2115 and 81-2407.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 1, 1981.
Decided Sept. 19, 1983.
 
 Thomas J. Donnelly, Quarles & Brady, Donald K. Schott, Stanley P. Gimbel, Gimbel, Gimbel & Reilly, Milwaukee, Wis., for appellant.
 Deborah Wright Dawson, U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellee.
 Before WOOD, Circuit Judge, FAIRCHILD, Senior Circuit Judge, and ROSZKOWSKI, District Judge.*
 HARLINGTON WOOD, Jr., Circuit Judge.
 
 
 1
 The original opinion in this case was issued September 3, 1982, affirming in part and reversing in part an order of the district court regarding the disclosure of certain grand jury documents and transcripts to the United States.[1] Both Miller and the government petitioned for rehearing.[2]
 
 
 2
 In its petition, Miller argued that the government failed to show "particularized need" for the grand jury documents because it failed to show that the documents could not be obtained from sources other than from the grand jury. In its petition, the government asked this court to withhold reconsideration until the Supreme Court had rendered a decision in United States v. Sells Engineering, Inc., --- U.S. ----, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). On October 27, 1982, this court by order withheld ruling on the petitions for rehearing pending the decision in Sells, and directed that the parties after publication of Sells file additional briefs on its application to this case.
 
 I.
 
 3
 In Sells the Supreme Court held that the automatic disclosure of grand jury material provided in Fed.R.Crim.P. 6(e)(3)(A)(i) for government attorneys for use in the performance of their duties was not available to government nonprosecutors for civil use, but that the government nonprosecutors must seek instead a court order for the material under Rule 6(e)(3)(C)(i). The Court then considered the standard to govern the issuance of a (C)(i) order.
 
 
 4
 Subsection (C)(i) provides for disclosure "preliminarily to or in connection with a judicial proceeding." That was the issue decided by the Supreme Court on the same day as Sells in United States v. Baggot, --- U.S. ----, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). In affirming this circuit in Baggot, the Court noted that we had correctly held that the IRS could seek (C)(i) disclosure in Miller because of anticipated litigation. The Court in Sells was faced with the additional problem of setting forth a substantive standard to control application of (C)(i). The "particularized need" standard already formulated for private litigants in Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), was adopted and extended to the government. In doing so, the Court, however, stated that even though the same standard applicable to private parties would also be applicable to government agencies, it was not necessary to pretend that there were no differences between government and private litigants. The Court points out that the standard is "highly flexible," "adaptable to different circumstances and sensitive to the fact that the requirements of secrecy are greater in some situations than in others." Sells, --- U.S. at ----, 103 S.Ct. at 3149. The Court further explained that although there is to be no special dispensation from the Douglas Oil standard for the government that "the standard itself accommodates any relevant considerations, peculiar to government movants, that weigh for or against disclosure in a given case." Id. One of these considerations, it is explained, may be less leakage and improper use of grand jury materials when disclosed to government attorneys than when disclosed to private parties. Further, the public interest to be served by disclosure to the government is also singled out as a legitimate consideration. An offsetting consideration of disclosure to the government to be taken into account, however, is the availability to the government of other statutory or regulatory discovery. Id. In sum, what is called for by the Sells standard is the careful and sound exercise of discretion by district judges in weighing all the factors which compete in grand jury matters.
 
 II.
 
 5
 In its petition for rehearing, Miller does not seek rehearing of any legal issues decided by this court, but does dispute that the record factually indicates that the requested documents exist only in the grand jury. If that factual dispute has been wrongly viewed, then Miller argues that mere cost savings and convenience standing alone do not constitute the particularized need which the government must demonstrate to be entitled to grand jury disclosure.
 
 
 6
 Over one million pages of documents were produced to the grand jury by Miller and third parties. The government now seeks disclosure of something less than about two thousand pages for use by the IRS preliminary to litigation. Were disclosure to be denied to the government under Rule 6(e), the IRS, the government argues, would be forced to summon or subpoena all one million pages in the hope that the two thousand pages needed still exist and can be found. The resulting burden would fall on Miller and the third parties to again search their records, collect, collate and produce the million pages. It is the government's position that the burden on all parties rises above the level of "mere cost savings and convenience."
 
 
 7
 In Sells the Supreme Court notes that the civil lawyers "need is ordinarily nothing more than a matter of saving time and expense" and rejects the argument that such savings can justify disclosure. --- U.S. at ----, 103 S.Ct. at 3142. In Miller, this court stated that "cost considerations are not usually enough by themselves to constitute particularized need." 687 F.2d at 1092. Miller argues that our Miller statement conflicts with Sells. It does to the extent that we imply that cost considerations in an extraordinary situation might alone be sufficient. That dicta, since cost alone was not the issue in Miller, is not only unused to date, but is now outdated. In Sells, the Supreme Court has not held, however, that cost considerations cannot be considered in any degree or context along with other considerations under the highly flexible particularized need standard adaptable to different circumstances. --- U.S. at ----, 103 S.Ct. at 3149. The documents in dispute are significant in volume, and to seek them the second time by ordinary disclosure methods obviously imposes an additional burden on all parties, including Miller. Miller for its own reasons prefers to assume that burden. Third parties would also have a renewed burden but are not here to speak for themselves. In any event, cost considerations alone need not be the basis for disclosure in this case.
 
 
 8
 Closely related to the cost consideration is the factual argument that Miller makes disputing the finding that some of the materials may no longer be available. Miller now argues that Sells requires, at a minimum, that the government demonstrate that all ordinary administrative subpoena or discovery channels available to it have failed to produce the documents. Sells directs that the court take into account the discovery tools available by statute or regulation to the agency seeking disclosure. Id. Many of the documents sought are Miller's, but Miller does not volunteer the information whether its documents are still available or not. It wants the government to undertake a laborious discovery procedure to get that answer.
 
 
 9
 The district court found that some of the documents may no longer exist, and we did find it troubling in our original opinion that no actual showing had been made that the usual channels of discovery had been shown to be fruitless. The government by affidavit, however, had indicated that the existence of the itemized documents is unknown apart from possession by the grand jury. That less than compelling statement is not without some significance, however, in the context of the circumstances of this case. The tax years considered by the grand jury and now the subject of the civil audit and litigation are 1972, 1973 and 1974, generally ten years in the past. The 1979 Grand Jury found that many of the documents it attempted to subpoena from Miller and others had already been destroyed at that time. Miller had also indicated that grand jury documents returned would be discarded.
 
 
 10
 We believe sufficient doubt has been cast upon the availability and existence of the documents sought, weighed with other factors considered by the district court, to justify requiring disclosure in preference to undertaking at this late date to demonstrate by ordinary discovery means, page by page, whether the material exists elsewhere or not. This factual view about the existence or nonexistence of the documents is more than a "mistaken surmise" as it is labeled by Miller.
 
 
 11
 Among the other factors weighed by the district court in reaching its document disclosure decision was the probability that the willingness of grand jury witnesses to testify candidly would less likely be affected by subsequent disclosure to the government than by disclosure to the grand jury target. The court also considered that disclosure to the government would not result in public disclosure except to the extent that materials might actually be used in a trial. The court further noted that none of the other third parties whose documents were sought had objected, only Miller. Implicit in the finding and holding of the district court is the public interest to be served by disclosure to the IRS for use in the anticipated litigation involving alleged substantial tax deficiencies.
 
 
 12
 In our view the district court sufficiently anticipated the holding in Sells and sufficiently justified the exercise of its sound discretion in weighing all the particular circumstances for permitting disclosure of the documents to the government. The Miller petition for rehearing is denied.
 
 III.
 
 13
 In its petition supplemented by its post-Sells brief the government questions our affirmance of the denial of disclosure of the grand jury transcripts as distinguished from disclosure of the documentary materials. We affirmed the district court's holding denying disclosure of the grand jury transcripts of Miller and four intervenors who also objected. The district court viewed the need for secrecy of the transcripts to be greater since the transcripts revealed the verbatim records of the workings of the grand jury. Convenience and lessened costs were considered less significant when balanced against the need for secrecy of the transcripts. Therefore, it was held that the government had failed to make a showing of particularized need, which the government conceded, but nevertheless argued that it, as the government, was entitled to a less stringent standard. We held that the government should be required to meet the same particularized need standard as any private litigant. Our view on standard applicability was confirmed by Sells. We added, however, that as a practical matter, it would be easier at times for the government, rather than a private party, to meet that standard. 687 F.2d at 1092. That observation is also in line with Sells, although the Supreme Court more clearly expressed it by holding that the district court is not required to pretend there are no differences between government and private parties, and that the highly flexible standard accommodates itself to relevant considerations peculiar to government movants in a given case.
 
 
 14
 In its holding the district court denied government access to the transcripts as we have explained, but did so without prejudice to the government's petition being subsequently reviewed upon a sufficient showing of particularized need. The district court evidenced some doubt that it was the appropriate court to make that particularized need determination and left open the possibility of reconsideration by the court that would actually hear the government's claims against Miller, which turned out to be the tax court. The district judge had contemplated that another district court would make the determination, but as it developed that court would be the tax court. To that extent we disagreed with the trial court.
 
 
 15
 The consideration given by the district court to the denial of disclosure of the transcripts and as affirmed by this court was, however, not quite as broad and was influenced to a degree by different considerations than was the ruling on the grand jury documents. It now appears that the transcript consideration falls a little short of the broader Sells criteria. The denial of disclosure of the transcript was influenced largely by the failure of the government to exhaust its other discovery means. Under Sells, that is a significant factor to be weighed, but it is to be weighed with other factors when the government is the movant. --- U.S. at ----, 103 S.Ct. at 3149. The Court observed that there is an obligation upon IRS under 26 U.S.C. Sec. 6103 to maintain the secrecy of the transcripts except to the limited use to which the transcripts might be put in the tax court litigation. Also to be weighed is the public interest in the efforts to collect an alleged multi-million dollar tax liability to which the transcripts relate. As a practical matter the government also points out that the effective use of alternate avenues of discovery has been exaggerated. The witnesses whose testimony is sought refused to cooperate prior to the grand jury investigation and testified only after a grant of immunity. There is the assertion now in opposition to disclosure that those same witnesses are willing to respond to IRS discovery and testify.
 
 
 16
 Nevertheless, considering the district court's original denial without prejudice to reconsideration and a somewhat broader range of considerations enunciated in Sells not explicitly considered in Miller, we believe that the government's petition for rehearing deserves to be granted, and it is. We decline, however, to reverse the district court and order disclosure in accordance with the government's request. We do, however, vacate the denial of disclosure of the transcripts and remand to the district court for further consideration in the light of Sells. We intend no expression of views on the merits of the transcript issue. Circuit Rule 18 shall not apply. The parties shall bear their own costs.
 
 
 
 *
 The Honorable Stanley J. Roszkowski, Judge of the United States District Court for the Northern District of Illinois, is sitting by designation
 
 
 [1]
 In the Matter of Grand Jury Proceedings, Miller Brewing Company, 687 F.2d 1079 (7th Cir.1982)
 
 
 [2]
 Four individual intervenors did not petition for rehearing