In re Susan **BARKER**.

Thomas E. **WOLF**, Appellant,

v.

**OREGON STATE BAR**, Appellee.

No. 84–3746.

United States Court of Appeals, Ninth Circuit.

Submitted * July 2, 1984.

Decided Aug. 21, 1984.

---

* The panel finds this case appropriate for submission without argument pursuant to 28 U.S.C.A.

9th Cir.R. 3(a) and Fed.R.App.P. 34(a).

Norman Sepenuk, Portland, Or., for appellant.

William F. Schulte, Jr., Holmes, DeFrancq & Schulte, P.C., Portland, Or., for appellee.

Before KILKENNY, SNEED, and NORRIS, Circuit Judges.

SNEED, Circuit Judge:

Thomas Wolf appeals from an order of the district court granting the Oregon State Bar Association access to specified grand jury materials pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure. The materials were sought to allow a professional responsibility committee to conduct an investigation into the activities of several members of the Oregon State Bar. We affirm.

I.

FACTS AND PROCEEDINGS BELOW

In 1983 a federal grand jury began an investigation of Columbia Pacific Bank and Trust Company (Columbia Pacific) and its investment activities. The investigation extended into Thomas Wolf and his law firm's

representation of Columbia Pacific and various other corporations in certain loan transactions. The grand jury subpoenaed control records, documents, and other financial materials from Susan Barker, who was Wolf's secretary during these transactions. At this time, the grand jury is still conducting its investigations.

On February 14, 1984, the Oregon State Bar Association (Oregon State Bar) filed a motion in the district court to compel disclosure of records, documents, and transcripts of testimony relating to Wolf and other members of his law firm from the grand jury. The disclosure was sought pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure to allow the Professional Responsibility Committee for Multnomah County to conduct an investigation into the activities of attorneys Wolf, C. Anderson Griffith, and other attorneys in their law firm, particularly with regard to their representation of Columbia Pacific. On April 3, 1984, the Oregon State Bar amended the disclosure motion to withdraw its request for transcripts of testimony before the grand jury.

After an in camera hearing, the district court signed the order granting disclosure pursuant to Rule 6(e)(3)(C)(i) from which the appeal is taken. The order limited disclosure to "records, documents, files and their contents, financial records and physical evidence having reference to any member of the Oregon State Bar or any entity in which such a member has or may have a proprietary interest." *In re Barker*, Misc. No. 83–191, at 2 (D.Or. Apr. 4, 1984). The district court stayed the order for twelve days to allow time for an appeal. Wolf filed an appeal and requested an emergency motion for an enlargement of the stay pending appeal. The Oregon State Bar did not challenge this motion, and it was granted on April 20, 1984. Thus, no disclosure of the requested materials has occurred.

## II.

### RULE 6(e)(3)(C)(i) DISCLOSURE

With certain exceptions, Rule 6(e) of the Federal Rules of Criminal Procedure generally prohibits disclosure of "matters occurring before the grand jury." [1] The Oregon State Bar sought disclosure under the exception set forth in subsection (e)(3)(C)(i). Under this exception, "the party seeking access must make a strong showing that: (1) disclosure is sought 'preliminarily to or in connection with a judicial proceeding,' and (2) there is a particularized need for the materials." *In re Sells*, 719 F.2d 985, 989 (9th Cir.1983) (citing *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983)). The district court in this case determined that both of these requirements had been satisfied and ordered disclosure. We agree.

■ Our jurisdiction to address this issue rests on 28 U.S.C. § 1291 (1982). "The disclosure order, which conclusively resolved the only issue in an independent judicial proceeding, is a 'final decision' and therefore immediately appealable." *In re Sells*, 719 F.2d at 988 (citing *In re Grand Jury Investigation No. 78–184 (Sells, Inc.)*, 642 F.2d 1184, 1187 (9th Cir.1981), *aff'd sub nom. United States v. Sells Engineering, Inc.*, 456 U.S. 960, 103 S.Ct. 3133, 72 L.Ed.2d 483 (1983)).

■ The district court's finding that a state bar disciplinary investigation is "preliminar[y] to ... a judicial proceeding" is a question of law that is reviewed de novo. Its decision that the Oregon State Bar showed a particularized need for the materials is entitled to limited deference. *See*

---

1. The Oregon State Bar raises for the first time on appeal the argument that the requested materials were not "matters occurring before the grand jury" and thus not covered by the secrecy provisions of Rule 6(e). *See generally In re Doe,* 537 F.Supp. 1038, 1043–47 (D.R.I.1982) (describing "four different approaches to the question of whether disclosure of documents subpoenaed by the grand jury is governed by the secrecy provisions of 6(e)"). This argument was also raised for the first time on appeal in *In re Sells,* 719 F.2d 985 (9th Cir.1983); however, as in most cases we refused to reach an issue not properly presented below. *See id.* at 988 n. 2. We again decline to reach this issue.

*In re Grand Jury Investigation No. 78–184 (Sells, Inc.),* 642 F.2d 1184, 1191 (9th Cir.1981), *aff'd sub nom. United States v. Sells Engineering, Inc.,* 456 U.S. 960, 103 S.Ct. 3133, 72 L.Ed.2d 483 (1983). *Accord In re Sells,* 719 F.2d at 988–89.

## A. Disclosure Was Sought "Preliminarily To ... A Judicial Proceeding"

The district court, relying primarily on Judge Learned Hand's decision in *Doe v. Rosenberry,* 255 F.2d 118 (2d Cir.1958), found that the Oregon State Bar disciplinary investigation was "preliminar[y] to ... a judicial proceeding." Wolf argues that this case is no longer valid in light of recent Supreme Court and Ninth Circuit cases interpreting this requirement. We disagree.

*Rosenberry* involved a Rule 6(e) motion for disclosure of grand jury materials to the Grievance Committee of the Association of the Bar of the City of New York. Judge Hand found that the satisfaction of Rule 6(e) depended "first, upon whether the hearing by the Grievance Committee was 'preliminary' to any charge of professional misconduct that it might make to the Appellate Division; and, second, whether any proceeding before that court upon such a charge was 'a judicial proceeding' within the meaning of the rule." *Id.* at 120. Resolution of the first question "admits of no doubt" because the disciplinary committee's "acts are quasi judicial; for on its conclusions formal charges are presented to the court." *Id.* And, the second question was answered in light of the policies underlying Rule 6(e):

> [A bar disciplinary investigation] is a proceeding designed in the public interest to preserve the good name and the uprightness of the bar, made up, as it is, of attorneys who are public officers. We cannot agree that the Rule should be limited to criminal proceedings; on the contrary we hold that, prima facie, the

term "judicial proceeding" includes any proceeding determinable by a court, having for its object the compliance of any person, subject to judicial control, with standards imposed upon his conduct in the public interest, even though such compliance is enforced without the procedure applicable to the punishment of crime. An interpretation that should not go at least so far, would not only be in the teeth of the language employed, but would defeat any rational purpose that can be imputed to the Rule.

*Id.* Thus, disclosure was found to be proper. Subsequent cases have found *Rosenberry*'s analysis to be controlling and to justify disclosure in similar situations. *See, e.g., In re Disclosure of Testimony Before the Grand Jury,* 580 F.2d 281, 285–86 (8th Cir.1978) (granting disclosure to Council for Discipline of Nebraska State Bar Association and to Nebraska Commission on Judicial Qualifications); *In re Special February 1971 Grand Jury v. Conlisk,* 490 F.2d 894, 896–97 (7th Cir.1973) (granting disclosure to Chicago Police Department Board of Inquiry). *Accord United States v. Sobotka,* 623 F.2d 764, 766 (2d Cir.1980).

Recently, the Supreme Court addressed the requirement that disclosure be "preliminar[y] to or in connection with a judicial proceeding." *See United States v. Baggot,* 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983).[2] In *Baggot* the Court found that a civil tax investigation was not "preliminar[y] to ... a judicial proceeding." And, we recently followed *Baggot* in a case involving a similar civil tax investigation. *See In re Sells,* 719 F.2d 985 (9th Cir.1983).

■ Wolf argues that after *Baggot* and *In re Sells* a mere possibility of a judicial proceeding is not enough to justify disclosure of grand jury materials. He claims that if the Multnomah County Professional Responsibility Committee investigation does not uncover evidence of misconduct,

---

**2.** The Supreme Court in *Baggot* refused to address "the knotty question of what, if any, sorts of proceedings other than garden-variety civil actions or criminal prosecutions might qualify as judicial proceedings under (C)(i)." 103 S.Ct. at 3166 n. 2 (citing *e.g., Doe v. Rosenberry,* 255 F.2d 118, 120 (2d Cir.1958)).

no judicial proceeding will occur. These arguments are misplaced. Neither the possibility that no judicial proceeding will result nor the likelihood that litigation will occur is controlling. Under *Baggot*, the proper inquiry is whether the primary purpose of the disclosure is to assist in the preparation or conduct of judicial proceedings. The Court expressed its test in these words:

> [T]he Rule contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated. Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the *actual use* to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under (C)(i) is not permitted.

103 S.Ct. at 3167 (emphasis in original) (citation omitted).

Under this test, disclosure in *Baggot* was improper because "the purpose of the [tax] audit is not to prepare for or conduct litigation, but to assess the amount of the tax liability through administrative channels." *Id.* (footnote omitted). "The IRS's decision is largely self-executing, in the sense that it has independent legal force of its own, without requiring prior validation or enforcement by a court." [3] *Id.* That is not the case here.

■ The express purpose of the investigation in this case is to determine whether the Professional Responsibility Committee of Multnomah County should institute disciplinary proceedings because of violations of the rules of professional responsibility. Under the established procedure,[4] the only way for the Oregon State Bar to institute such proceedings is to resort to the quasi-judicial proceedings[5] before the Supreme Court of Oregon. The primary purpose of the disclosure sought in this case is to assist in the preparation of the proceedings before the Oregon Supreme Court. *Cf. In re Petition to Inspect and Copy Grand Jury Materials,* 576 F.Supp. 1275 (S.D.Fla. 1983) (granting disclosure of matters occurring before the grand jury to Special Com-

---

**3.** For recent commentary questioning the correctness of this assumption, see Lyon, *Disclosure of Grand Jury Materials: Why the Supreme Court Was Wrong in* Baggot, 39 Tax L.Rev. 215 (1984).

**4.** The Oregon State Bar's Board of Governors is required to create local professional responsibility committees to investigate the conduct of attorneys. *See* Ore.Rev.Stat. ch. 9.532(1). These committees have the authority to subpoena and compel the attendance of witnesses and the production of documents relating to an investigation. *Id.* ch. 9.532(3)(a). The local committees inform the State Professional Responsibility Board, which reviews the conduct of attorneys and institutes disciplinary proceedings.

Formal charges instituted against a member of the bar are heard by a Disciplinary Board appointed by the Supreme Court of Oregon. *Id.* ch. 9.534(1). After a hearing, the disciplinary board notifies the Supreme Court Administrator of its decision by written opinion. "If the decision of the disciplinary board finds the accused attorney has not committed the alleged wrongdoing or determines that the accused attorney should be disciplined by way of reprimand or suspension from the practice of law up to a period of 60 days, the bar or the accused, as the case may be, may seek review by the Supreme

Court." *Id.* ch. 9.536(1). "If the decision of the disciplinary board is to suspend the accused attorney from the practice of law for a period of longer than 60 days or to disbar the accused attorney, the matter shall be reviewed by the Supreme Court [under a de novo standard]." *Id.* ch. 9.536(2), (3).

Wolf argues that if no action is recommended or if the punishment assessed is suspension from the practice of law for less than 60 days, no judicial review is necessary to enforce the judgment. Thus, he claims that this is analogous to the IRS's self-determination of a tax; therefore, it is not "preliminar[y] to ... a judicial proceeding." We disagree. If the suspension is for a period over 60 days or if it involves permanent disbarment, the decision is automatically reviewed by the Supreme Court of Oregon. This provision that provides for automatic judicial review qualifies the disciplinary proceedings as "preliminar[y] to ... a judicial proceeding." Also, if the suspension is for less than 60 days, either party may request automatic review by the Supreme Court of Oregon.

**5.** "Bar proceedings relating to discipline, admission and reinstatement are neither civil nor criminal in nature. They are sui generis and within the inherent power of the Supreme Court to control." Ore.Rev.Stat. ch. 9.529.

mittee of the Judicial Council of the Eleventh Circuit after considering *Baggot* ), *aff'd,* 735 F.2d 1261 (11th Cir.1984). It follows that the *Baggot* test has been met.

### B. *Oregon State Bar Did Demonstrate Particularized Need*

■ To demonstrate particularized need, the Oregon State Bar must show that (1) "absent disclosure, injustice will occur *in the contemplated proceeding;*" (2) "the need for disclosure is greater than the need for continued secrecy;" and (3) the "request is structured to cover only material so needed." *In re Sells,* 719 F.2d at 991 (emphasis in original); *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979)). In this case we believe that the specificity of the motion for disclosure along with the district court's narrowing of the request satisfied the particularized need requirement.

First, the Oregon State Bar structured the disclosure motion "to conduct an investigation into the activities of attorneys Tom Wolf, C. Anderson Griffith, and other attorneys in their law firm, particularly with regard to their representation of Columbia Pacific Bank and Trust Co. and other financial entities." Affidavit of William F. Schulte, Jr., Special Counsel of the Oregon State Bar at 1 (Feb. 14, 1984) (attached in support of Plaintiff's Motion to Examine Evidence in the Control of the Federal Grand Jury). The stated purpose of the investigation was to determine whether certain named members of the Oregon State Bar had violated the Oregon Rules of Professional Responsibility and, if so, to institute disciplinary proceedings against them. Absent disclosure of the requested documents, it is clear that no disciplinary proceedings are likely to occur.[6] Frustration of the Oregon State Bar's ability to investigate and sanction the attorneys who violate the rules of professional responsibility would be unjust. Its frustration in this case also will promote injustice.

Second, the Oregon State Bar demonstrated that the materials requested were all within its subpoena power had the grand jury not already subpoenaed them. *See* Ore.Rev.Stat. ch. 9.532(3)(a). This subpoena power on the part of the Oregon State Bar removed Wolf's right to protect the secrecy of his files. Thus, the need for continued secrecy of files that could have been subpoenaed by the bar was not greater than the need for disclosure, *viz.,* to promote a strong public interest in the sanctioning of unethical or incompetent attorneys.[7]

Finally, the Oregon State Bar properly structured its disclosure motion to request only those materials dealing with Wolf and his law firm.[8] The motion initially requested four types of documents: (1) all materi-

---

6. An attorney's files and records are a crucial part of any disciplinary investigation.

7. Courts granting disclosure of matters before the grand jury must consider the effect such disclosure would have on the policies underlying grand jury secrecy:

"(1) [t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated

from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

*United States v. Procter & Gamble Co.,* 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958) (quoting *United States v. Rose,* 215 F.2d 617, 628–29 (3d Cir.1954)). Because the disclosure order here involves only documents subpoenaed by the grand jury and not testimony before the grand jury, it does not implicate a significant invasion into the grand jury process.

8. No requirement exists that the Oregon State Bar demonstrate that it has exhausted all alternative investigatory channels seeking disclosure under Rule 6(e)(3)(C)(i). *Cf. United States v. Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 3142, 77 L.Ed.2d 743 (1983).

als subpoenaed from Wolf's secretary; (2) all materials relating to Columbia Pacific transactions; (3) transcripts of testimony before the grand jury relating to Wolf, his law firm, and Columbia Pacific; and (4) any evidence in control of the grand jury that would help prove a violation of the rules of professional responsibility. This motion was subsequently amended to include materials pertaining to Wolf's law firm and to remove the request for testimony before the grand jury.[9] The district judge further narrowed the motion to include only portions of the materials that implicated members of the Oregon State Bar.[10] The resulting order was designed to obtain access only to the material justified by the Oregon State Bar's particular need.

AFFIRMED.

---

**9.** Wolf primarily cites *United States v. Sobotka,* 623 F.2d 764 (2d Cir.1980), and *In re Holovachka,* 317 F.2d 834 (7th Cir.1963), which held that no particularized need has been demonstrated by the bar association committee. These cases, however, involved the release of testimony before the grand jury. Because the Oregon State Bar withdrew its request for grand jury testimony, we need not speculate whether such a request would meet the particularized need requirement.

**10.** Wolf argues that because the grand jury investigation is still in progress, the disclosure of the requested materials is improper. We disa-

gree. Although the existence of an ongoing grand jury investigation is an important factor that must be considered by the district court, we do not believe that it invariably precludes disclosure under Rule 6(e)(3)(C)(i). The district judge in this case was aware of the current status of the grand jury investigation and the order properly reflects such consideration. Furthermore, we note that Wolf has not alleged that the Oregon State Bar disciplinary proceedings would impede the ongoing grand jury investigation, or otherwise affect any civil or criminal proceedings.