## In re GRAND JURY PROCEEDINGS (DAEWOO).

### Misc. No. 84–217–PA.

United States District Court, D. Oregon.

June 18, 1985.

is restricted to the disclosure requirements of these two provisions.

Charles H. Turner, U.S. Atty., Ellen F. Rosenblum, Asst. U.S. Atty., Portland, Or., William C. Brown, Washington, D.C., for the U.S.

Barnes H. Ellis, Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., Max L. Gillam, Richard L. Danzig, Peter L. Winik, Arne M. Sorenson, Latham, Watkins & Hills, Washington, D.C., for Daewoo Intern. (America) Corp. and Daewoo Indus. Co., Ltd.

PANNER, Chief Judge.

On March 12, 1984, a Federal Grand Jury in Portland, Oregon returned a thirty-two count indictment charging defendants with violating 18 U.S.C. §§ 332, 371, 1001, and 1503 in connection with the importation of steel from South Korea into the United States during 1980–82. The term of this

grand jury is now ended. Then Chief Judge James M. Burns granted defendants' motion for a change of venue to the Central District of California, 591 F.Supp. 157. On January 3, 1985 a superseding information was filed and Daewoo-Korea and Daewoo-America pleaded guilty to conspiring to make false statements with respect to steel importations into Portland. Daewoo-America pleaded guilty to obstructing justice by altering records submitted to the grand jury.

In 1983 Daewoo was issued a civil penalty notice by the Customs Service for $6,725,386 for violation of 19 U.S.C. § 1592. In January, 1985 pre-penalty notices were issued to Daewoo for $9,483,544. These were changed to penalty notices on February 20, 1985. The government states that during much of the period of the criminal investigation (involving periods from 1982 to 1985) the Customs Service deferred civil penalty action pending resolution of the criminal case. The government asserts that it was forced to abandon this policy when Daewoo refused to waive the civil limitation period pending completion of the criminal case. At the time the government filed its ex parte motions, Daewoo had not waived the civil limitations period. However, on March 15, 1985, Daewoo filed a waiver extending the statute of limitations from June, 1985 to March, 1986. Customs granted Daewoo the right to file for mitigation before Customs.

On January 22, 1985 the United States filed an ex parte motion requesting the disclosure of the transcripts of testimony before the grand jury which indicted Daewoo and for documents and other information produced during the criminal investigation of Daewoo. On February 1, 1985, I granted the government's motion for ex parte disclosure of the transcripts, but refused to grant the motion for disclosure of the documents until the other parties were given an opportunity to respond. On March 28, 1985 I ordered that no material disclosed pursuant to my February 1, 1985 order or evidence derived from that material should be used by the government in any civil enforcement action against Van Leeu-

wen Pipe and Tube Corporation, Murray Pacific Metals, Gulf Consolidated Services, or Maruichi American Corporation unless obtained by the government pursuant to separate proceedings or by voluntary disclosure. These corporations withdrew any opposition to the February 1, 1985 disclosure order as amended.

Daewoo International America Corp. and Daewoo Industrial Co., Ltd. request vacation of my February 1, 1985 order granting the government's request for disclosure of the transcripts; a return of these transcripts to the grand jury along with all copies of them and all notes or documents reflecting their contents; an injunction prohibiting those with possession or knowledge of the contents of the transcripts from any further disclosure of them or their contents to anyone not on the Fed.R. Crim.P. 6(e) lists; an injunction prohibiting the government from involving any employees who were provided with these transcripts or who have knowledge of them in any further investigation or litigation concerning Daewoo; and denial of the government's motion requesting disclosure of documents.

For reasons discussed below, I vacate my order allowing disclosure of the transcripts to the government and order their return along with all copies and notes concerning them to the grand jury and enjoin anyone with possession of them or knowledge of their contents from any further disclosure of them or their contents to anyone not on the Fed.R.Crim.P. 6(e) lists. I deny Daewoo's motion for recusal of Customs employees. I rule on the disclosure of individual categories of documents separately below.

I note that the Department of Justice, not the Customs Service, is requesting this disclosure. Some courts have declined disclosure under such circumstances because the requesting party is not the one to use the documents. *See In re Doe,* 537 F.Supp. 1038, 1040 (D.R.I.1982).

### REQUIREMENTS FOR DISCLOSURE PURSUANT TO FED.R.CRIM.P. 6(e)(3)(C)(i)

Fed.R.Crim.P. 6(e)(3)(C)(i) provides:

Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made when so directed by a court preliminary to or in connection with a judicial proceeding.

█ Both parties in the present case agree that, to the extent the government's disclosure requests are governed by any Rule of Criminal Procedure, Rule 6(e)(3)(C)(i) is the applicable rule. In order to be governed by Rule 6(e)(3)(C)(i), a matter must first be a matter occurring before the grand jury. The disclosure must be made preliminary to or in connection with a judicial proceeding. A strong showing of particularized need for these materials must be made before any disclosure will be permitted. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). I will discuss each of these requirements as they relate first to the request for disclosure of transcripts and then to the request for disclosure of documents.

## I. DISCLOSURE OF THE GRAND JURY TRANSCRIPTS.

### A. *Matter Occurring Before The Grand Jury.*

Neither party disputes that the grand jury transcripts reflect matters occurring before the grand jury.

### B. *Preliminary To Or In Connection With A Judicial Proceeding.*

In *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983), the Court held that an Internal Revenue Service (IRS) investigation to determine a taxpayer's civil tax liability was not preliminary to or in connection with a judicial proceeding within the meaning of Fed.R. Crim.P. 6. Therefore, disclosure under Rule 6(e)(3)(C)(i) was not permitted.

The Court stated that in determining whether disclosure is requested preliminary to a judicial proceeding, the focus must be on the actual use of the material. If the preliminary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under Rule 6(e)(3)(C)(i) is not permitted. *Id.* 103 S.Ct. at 3167. Disclosure was not appropriate in *Baggot* because the purpose of the audit was to assess the amount of tax liability through administrative channels, not to prepare for or conduct litigation. The Court stated that even if the audit disclosed a deficiency, there was no reason why it would lead to litigation because the IRS's decision is largely self-executing. IRS levies have independent legal force without requiring prior validation of enforcement by a court. *Id.* "Where an agency's action does not require resort to litigation to accomplish the agency's present goal, the action is not preliminary to a judicial proceeding for purposes of (C)(i)." *Id.* at 3168. The *Baggot* Court declined to decide how firm an agency's decision to litigate must be before its investigation could be characterized as preliminary to a judicial proceeding. *Id.* at 3168, n. 6. The Court noted with approval the decision in *In re Grand Jury Proceedings (Miller Brewing Co.)*, 687 F.2d 1079 (7th Cir.1982), *on rehearing*, 717 F.2d 1136 (7th Cir.1983). In *Miller* the court held that, when the IRS had closed its audit and issued a notice of deficiency and the taxpayer had expressed its intention to seek redetermination in the Tax Court, disclosure under Rule 6(e)(3)(C)(i) is made preliminary to a judicial proceeding.

In *In re Barker*, 741 F.2d 250 (9th Cir. 1984), the court granted disclosure of grand jury documents under Rule 6(e)(3)(C)(i) to the Oregon State Bar in connection with an investigation whose express purpose was to determine if disciplinary proceedings should be instituted. *Id.* at 254. The court noted that the only way for the Bar to institute disciplinary proceedings was to resort to quasi-judicial proceedings before the Oregon Supreme Court and that the primary purpose of the requested disclosure was to assist in the preparation of those proceedings. *Id.* The court held that these proceedings met the test established in *Baggot*.

■ In the present case, penalty notices have been issued by the Customs Service against Daewoo. The agency has allowed Daewoo to petition for mitigation. The action taken on such a petition is within the discretion of the district director of the Customs Service. *See* 19 C.F.R. § 171.21. When a penalty is assessed by the Customs Service, an action must be instituted in the Court of International Trade or in a United States District Court in order to enforce the penalty. 19 U.S.C. § 1592(e).

The present case differs from *Baggot* in two significant respects. First, unlike the IRS in *Baggot* which requested disclosure in order to determine if there was a tax liability, here the Customs Service has already determined that there has been a violation by Daewoo and assessed penalties. Second, the penalties which could have been assessed in *Baggot* could be self-enforcing through the means of a levy without any judicial proceedings. The penalties already assessed in the present case can only be enforced through a judicial proceeding. The disclosure sought in the present case is preliminary to a judicial proceeding because a penalty has already been assessed and it can only be enforced through judicial proceeding.

### C. *A Showing Of Particularized Need.*

■ Fed.R.Crim.P. 6(e)(3)(C)(i) has consistently been construed as requiring a strong showing of particularized need for grand jury materials before any disclosure will be permitted. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). To meet this standard the party requesting disclosure must show:

(1) that the material is needed to avoid a possible injustice in another judicial proceeding;

(2) that the need for disclosure is greater than the need for continued secrecy; and

(3) that the request is structured to cover only material so needed.

*Id., citing Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). The burden of showing that these requirements have been met rests with the party seeking disclosure. As the need for secrecy diminishes, the party requesting the disclosure has less of a burden in showing justification. *Sells*, 103 S.Ct. at 3148.

■ The particularized need standard is flexible and accommodates any relevant considerations which might be peculiar to government disclosure requests. *Id.* at 3149. In weighing the need for disclosure to the government, the court can consider that such disclosure might pose less risk of improper usage than disclosure to the general public. The court can also consider any alternative discovery tools available to the agency seeking disclosure. *Id.* In *Sells*, the Court found that a mere statement that the grand jury materials sought were rationally related to the agency action was not sufficient to meet the particularized need standard. *Id.*

### 1. *Possible Injustice.*

■ The government argues that there would be injustice in the Customs proceeding if the transcripts were not disclosed because, through criminal discovery, Daewoo was provided with copies of the transcripts of its employees' and former employees' testimony as well as that of Special Agent Brua. Daewoo asserts that it has returned any information it received through criminal discovery. The government also argues that there will be injustice because of the statutes of limitations. It argues that, even though this alone does not justify disclosure, it is a relevant concern. *See In re Grand Jury Proceeding (Miller Brewing Co.)*, 717 F.2d 1136, 1138 (7th Cir.1983).

Daewoo has waived its statute of limitations defense and has returned the transcripts received through criminal discovery. The Customs Service has the authority to issue summons and to examine any person summoned. *See* 19 U.S.C. § 1509(a)(2). Proceeding through these alternative channels of discovery may be more costly to the government, however, it would allow the

Customs Service to obtain the information contained in the transcripts. Therefore the possibility that an injustice would result from vacation of my order disclosing the transcripts is slight.

### 2. The Need for Disclosure v. the Need for Continued Secrecy.

The proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings. *See Sells*, 103 S.Ct. at 3138. Secrecy encourages prospective witnesses to come forward voluntarily and testify fully and frankly. Secrecy also reduces the risk that those about to be indicted would flee or try to influence individual grand jurors. The secrecy of grand jury proceedings also assures that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. *Id.*

■ Once the grand jury has concluded its activities, the considerations justifying secrecy become less crucial. *Douglas Oil Co.*, 441 U.S. at 222–23, 99 S.Ct. at 1674–75. The requirements for disclosure must still be met even when the request is made after the grand jury has concluded its operations. *Id.* In considering the need for secrecy when the grand jury has concluded, the court should consider the possible effect upon the functioning of future grand juries. *Id.*

The government asserts that the need for secrecy surrounding the requested transcripts is small. The grand jury has ended, and the government has requested the transcripts which were previously disclosed to Daewoo. I conclude that the need for secrecy concerning these transcripts is less than in other cases where the grand jury is still deliberating and there has been no disclosure to any party. However, considering the possible impact on future grand juries, the government must still meet the requirements for disclosure.

### 3. Structuring the Request to Cover Only the Needed Material.

The disclosure granted in *Miller*, 717 F.2d at 1138, was two thousand out of a million pages of documents. In the present case, the government requests disclosure of the testimony (with associated exhibits) of current and former employees of Daewoo, of Daewoo's steel customers in the United States, and of two transcripts of the testimony of United States Customs Special Agent Dale Brua.

■ The government states that the transcripts of individuals involved in the ledger alteration which Daewoo-America pleaded guilty to are necessary to explain which entries were altered and as evidence of Daewoo's intent. The government also asserts that the transcripts explain which ledger Daewoo falsified and asserts this information is necessary so Customs will not be misled by this ledger. The government asserts that a particularized showing is established by the time constraints of the statute of limitations. I reject its argument that time pressure alone is sufficient to make a particularized showing.

The government has not explained which individuals' grand jury testimony or parts of that testimony are necessary to show which entries or ledgers were falsified or to show Daewoo's intent. Without such a showing to the court (in camera, if necessary), I find that the request is not structured to cover only the needed material. Because the government has not properly structured this request, it has not made the particularized showing required by *Sells*. My February 1, 1985 order disclosing these transcripts to the government is vacated. This order is subject to reconsideration upon a proper showing by the government.

### D. Possible Grand Jury Abuse.

Daewoo asserts that grand jury abuse occurred in the present case. This alleged abuse included the use of a Customs Special Agent as a grand jury agent and the participation of a number of Customs officials in the grand jury investigation.

■ Any grand jury abuse is relevant to a decision of whether to order disclosure and the court should consider any allegations of such abuse. *In re*

*Grand Jury Investigation (Sells)*, 719 F.2d 985, 991, n. 8 (9th Cir.1983). While the likelihood of grand jury abuse is reduced where the grand jury returns an indictment, a court should consider the merits of a grand jury abuse allegation and its impact on disclosure. *Id.*

Because the government has not made the required showing that it has structured its request to include only the needed material, I need not consider the allegations of grand jury abuse. However, should the government submit a showing that only the needed material is requested, a more thorough investigation of the grand jury abuse allegations may be required.

## II. DISCLOSURE OF DOCUMENTS.

The government requests the disclosure of the following:

(1) Documents created or maintained in the course of business by Daewoo, its customers, and its customs brokers and their employees and translations of these documents;

(2) Reports and other documents analyzing the business records;

(3) Copies of government trial materials already disclosed to Daewoo; and

(4) The content of all witness interviews conducted after the indictment and the content of all witness interviews which occurred before the indictment but not in the grand jury.

In determining whether these documents should be disclosed, I must first determine whether they constitute matters occurring before the grand jury. If they are grand jury matters, then I apply the same analysis I applied to the disclosure of the grand jury transcripts.

### A. *Matters Occurring Before The Grand Jury.*

■■■ Rule 6(e) was intended to protect against disclosure of what actually took place during the grand jury proceedings. Therefore, the policy of secrecy and required showing of particularized need for disclosure of grand jury material applies only to matters occurring before the grand jury. *Miller Brewing Co.*, 687 F.2d at 1089. If a particular document is sought for its own intrinsic value, it does not necessarily constitute a matter occurring before the grand jury. *Id.* A request for grand jury documents may evoke different and less exacting considerations than a request for transcripts of grand jury testimony. The district court has wide discretion in determining whether documents reveal the inner workings of the grand jury. *Id. See also U.S. Industries Inc. v. United States District Court*, 345 F.2d 18, 21 (9th Cir.1965). In *Miller*, 687 F.2d at 1090 n. 12, the court noted the importance of the fact that the government requested the documents in question with specificity and not with a request for all materials before the grand jury. The relevant inquiry in determining whether a matter occurred before the grand jury is whether disclosure in a particular context would reveal what was before the grand jury. *Fund for Constitutional Government v. National Archives*, 656 F.2d 856, 870 (D.C.Cir.1981). The scope of grand jury secrecy is necessarily broad and encompasses the disclosure of information which would reveal the identities of witnesses. *Id.*

■■■ In the Ninth Circuit, a showing of particularized need is required before allowing disclosure of documents produced to the grand jury. *Petrol Stops Northwest v. United States*, 571 F.2d 1127, 1129 (9th Cir.1978), *rev'd on other grounds*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), *on remand*, 647 F.2d 1005 (9th Cir.1981). The request in *Sells*, 719 F.2d at 991, related to both documents and grand jury testimony. The *Sells* court applied the particularized need standard to the documents as well as the testimony. *Id.* Therefore, all requested documents which were presented to or subpoenaed by the grand jury in the present case will be considered to be matters occurring before the grand jury and a showing of particularized need will be required.

B. *Documents Created In The Course Of Business.*

Daewoo has agreed to disclosure of its documents and their translations if it is provided a copy of the translations. The government has agreed to provide these translations to Daewoo. Daewoo's customers and brokers who had opposed the disclosure of their documents withdrew that objection after my March 28, 1985 order was issued. The issue of the requested disclosure of documents created or maintained by Daewoo, its customers, and its customs brokers and their employees in the course of business and translations of these documents appears to be moot.

C. *Documents Analyzing Business Records.*

1. *Matters Occurring Before Grand Jury.*

 The government characterizes these requested documents as those not presented to the grand jury and which, in many instances, were created or completed after the indictment was returned. It is difficult to tell whether the information contained in the sample report filed with the court came from the grand jury or from other sources. There are some references to grand jury testimony in the report. I find that these reports are "matters occurring before the grand jury" and are therefore subject to Fed.R.Crim.P. 6(e).

In *In re Special February, 1975 Grand Jury*, 662 F.2d 1232, 1238 (7th Cir.1981) (*Baggot*), the court found a special agent's report subject to Fed.R.Crim.P. 6(e) because it was a matter occurring before the grand jury. The report was made after the grand jury investigation, summarized grand jury testimony, and analyzed testimony and documents subpoenaed by the grand jury. *Id.* The court allowed the government the opportunity to extract parts of the reports not obtained through the grand jury and, with court approval, to disclose those parts of the report.

2. *Other Considerations.*

 Analysis of whether these reports are needed to avoid a possible injustice and whether the balance of the need for disclosure outweighs the need for secrecy is the same as the analysis concerning the transcripts. As with the grand jury testimony, the government has not made the required showing of particularized need. The government has not specified which reports or parts of reports it requests. Therefore, I deny the government's request for disclosure of these documents. I will reconsider this request if the government makes a more specific showing of particularized need for the portions relating to the grand jury or excises the portions relating to the grand jury and submits the remainder for in camera inspection.

D. *Government's Trial Materials.*

1. *Matters Occurring Before Grand Jury.*

The government's intended trial witness list, copies of its intended exhibit and exhibit list, and its supplemental response to defendants' pretrial motions do not necessarily reveal what occurred before the grand jury. These documents were not subpoenaed by or produced for the grand jury.

 If the criminal case had proceeded to trial, Daewoo would have had no basis for asserting that this material was secret, it would have been a matter of public record. That no criminal trial occurred should not change the analysis of whether these documents were matters occurring before the grand jury. I find that the government's intended trial witness list, copies of its intended exhibits and exhibit list, and its supplemental response to defendants' pretrial motions are not matters occurring before the grand jury and are not subject to disclosure under Fed.R. Crim.P. 6. However, all of these documents except the witness and exhibit lists were submitted to the California District Court under seal. Therefore, the California court will have to determine whether

the documents submitted under seal may be released to Customs. The witness and exhibit lists which were not submitted under seal may be released to Customs without court approval.

### E. Witness Interviews Before And After The Indictment.

The government requests disclosure of the contents of all witness interviews of intended trial witnesses conducted after the return of the indictment. It asserts that some of the witnesses had testified before the grand jury while some of them had not. It also requests disclosure of the contents of all witness interviews which occurred before the return of the indictment, but which did not occur in the grand jury.

#### 1. Matters Occurring Before Grand Jury.

In *In re Special Grand Jury (Baggot)*, 662 F.2d 1232, 1238 (7th Cir.1981), the court found that a memorandum to the file summarizing a witness interview prior to the witness's grand jury testimony was a matter occurring before the grand jury. The court stated that the memorandum was not any less related to the grand jury than a statement that the witness later read to the grand jury. The court in *In re Grand Jury Matter (Garden Court Nursing Home)*, 697 F.2d 511, 512 (3d Cir.1982), held that witness interviews conducted outside the grand jury's presence but presented to it were "matters occurring before the grand jury."

Affidavits filed before the initiation of grand jury proceedings are not necessarily considered to be "matters occurring before the grand jury." *In re Search Warrant for Second Floor Bedroom*, 489 F.Supp. 207, 211 (D.R.I.1980). To determine whether a sentencing memorandum could be disclosed under Fed.R.Crim.P. 6(e), the court in *U.S. Industries v. United States District Court*, 345 F.2d 18, 22 (9th Cir.1965), examined the document to determine if references to the grand jury proceedings were so particularized that future grand jury witnesses might become inhibited if the memorandum were disclosed. The court examined the document in camera and deleted the portions of the memorandum necessary to respect the policy considerations behind the rule of secrecy of grand jury investigations.

Witness interviews conducted after the indictment are, in general, not matters occurring before the grand jury. To the extent that these interviews refer to any witnesses or testimony before the grand jury, they are matters occurring before the grand jury. Any parts of witness interviews not dealing with grand jury testimony or witnesses are not matters occurring before the grand jury and are not subject to Fed.R.Crim.P. 6. In disclosing these interviews, the government is ordered to excise any reference to events occurring before the grand jury and to request disclosure under Fed.R.Crim.P. 6 with the showing of particularized need before disclosure of these parts of the interviews.

In its request for release of pre-indictment interviews the government has not specified if any of the interviews occurred before the institution of grand jury proceedings. The content of any interviews conducted before the institution of the grand jury proceedings is not a matter occurring before the grand jury and may be disclosed without a Fed.R.Crim.P. 6(e) request.

Interviews occurring after the institution of the grand jury proceedings but before the return of the indictment may be matters occurring before the grand jury if they are closely related to the grand jury as in *Special Grand Jury*, 662 F.2d at 1238. Because Agent Brua was designated as a grand jury agent, any interviews conducted by him are matters occurring before the grand jury.

Because the government's request did not specify which interviews it requested, when the interviews were held in relation to the institution of grand jury proceeding, or their relation to the grand jury, I find that any interviews held before the return

of the indictment are matters occurring before the grand jury.

### 2. *Other Considerations.*

The possibility of injustice and need for secrecy balanced against the need for disclosure are the same as previously discussed. The government has not made a showing of particularized need for any of the interviews which are matters occurring before the grand jury. Therefore, the contents of these interviews may not be disclosed to the Customs Service. If the government can make a showing of particularized need, I will reconsider this order.

### III. REQUEST FOR RECUSAL OF CUSTOMS EMPLOYEES.

 Daewoo requests an order requiring the Customs Service to involve only employees who have not been provided with the previously disclosed transcripts or information about their contents in any further investigation or proceeding against Daewoo. The government asserts that, because of the time constraints Customs is operating under and because many Customs officials have already voluntarily recused themselves as a result of their involvement in joint civil-criminal settlement discussions with Daewoo prior to indictment, the government may not be able to proceed against Daewoo if the requested recusal is ordered.

In *In re Sells*, 719 F.2d 985, 992 (9th Cir.1983), the court determined that the district court had prematurely ordered disclosure of grand jury materials and ordered the court to take such steps as were necessary, in its discretion, to protect from the effects of past disclosure. In vacating a prior order which disclosed grand jury material, the court in *In re Grand Jury Matter*, 495 F.Supp. 127, 134 (E.D.Pa.1980), ordered "the Grand Jury transcripts which were released ... and all copies thereof, including all abstracts and digests of said transcripts ..." to be returned to the court and "the contents of said transcripts shall not be quoted, reproduced, paraphrased, or otherwise disseminated in any manner ..."

Knowing violations of Fed.R.Crim.P. 6 can be punished for contempt of court. *See In re 1979 Grand Jury Subpoena*, 478 F.Supp. 59, 62 (M.D.La.1979).

I find no authority for ordering such recusal. The government did not knowingly violate Rule 6 by disclosing the transcripts to Customs. It acted pursuant to my order. Requiring recusal which might result in the lack of ability to proceed against Daewoo is too harsh a penalty to impose on the government when it was acting pursuant to an order of this court. Daewoo's motion for recusal of Customs Service employees who were provided with the transcripts or information about their contents is denied.

### CONCLUSION

The government's requests for disclosure of grand jury transcripts and documents are preliminary to a judicial proceeding. The government's intended trial witness list, copies of its intended exhibits and exhibit list, its supplemental response to defendants' pretrial motions, and the contents of witness interviews conducted after the indictment which do not refer to grand jury testimony are not matters occurring before the grand jury and are not subject to the provisions of Fed.R.Crim.P. 6(e). However, a request for disclosure of documents submitted under seal should be made to the court in the Central District of California.

The requested analytical reports, and the contents of any witness interviews conducted after the institution of the grand jury proceedings are matters occurring before the grand jury and are subject to Fed.R. Crim.P. 6(e). The government has not made the showing of particularized need required for the disclosure of the transcripts or any documents which were matters occurring before the grand jury.

Until the required showing is made, my order of February 1, 1985 granting disclosure of the grand jury transcripts to the Customs Service is vacated. The transcripts, all copies of them and notes concerning them must be returned to the grand jury. Anyone with possession of

them or knowledge of their contents is enjoined from making any further disclosure of them or their contents to anyone not on the Fed.R.Crim.P. 6(e) lists. Daewoo's motion to require the Customs Service to proceed with its investigation without employees who have been provided with these transcripts or information about their contents is denied. Daewoo is also ordered to return any grand jury materials it still has in its possession to the grand jury.