UNITED STATES of America

v.

Alex LIBERMAN, Defendant.

No. 83 CR 443.

United States District Court,
E.D. New York.

June 15, 1988.

Peter L. Zimroth, Corp. Counsel, New York City, (Alan H. Kleinman, of counsel) for petitioner, New York City.

C. MacNeil Mitchell, New York City, for petitioners Albert Corwen, Kimaqu Corp., Mylaw Realty Corp., Qmaki Corp., and Myex Realty Corp.

Vivian Shevitz, Brooklyn, N.Y., for respondents Saul Radow and Helaine Brick, Juvenal L. Marchisio, New York City, for respondent Cesar Taormina.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a petition by the City of New York ("City") and private parties for release of certain transcripts and documents from the grand jury proceeding in this matter.

## FACTS

In 1983, a grand jury was convened in this district to investigate Alex Liberman, a former City official whose duties had included negotiation of leases on the City's behalf. The grand jury heard testimony from numerous officials who allegedly had paid or offered to pay money to Liberman in connection with execution of leases to the City. The grand jury returned an indictment accusing Liberman of taking money in the course of negotiating leases. Liberman pleaded guilty in June 1984.

The City subsequently brought federal and state civil actions stemming from the *Liberman* criminal case. In *City of New York v. Liberman*, 85 Civ. 4958 (MJL), brought in the Southern District of New York, the City alleges violations by Liberman of the Racketeer Influenced and Corrupt Organizations law ("RICO"), 18 U.S.C. §§ 1961–1968. The state action, *City of New York v. Liberman, et al.*, 40339/85 (Sup.Ct.N.Y.Co.), alleges fraud and breach of fiduciary duty by Liberman and the landlords and brokers allegedly involved in payoffs.

The City has petitioned for release of fifty-eight specified documents that were introduced into evidence before the grand jury, as well as transcripts containing the grand jury testimony of fourteen witnesses. The City asserts that it will use the transcripts during discovery to impeach the witnesses, refresh their recollection and test their credibility. A grand jury witness and related corporations who are witness-defendants in the state action, have joined in the petition. Three grand jury witnesses, as well as related corporations, oppose the petition. The Government has provided the Court with copies of twenty of the requested documents. The Government represents that it will forward the rest of the documents to the Court within a relatively short period of time.

## DISCUSSION

Well before the founding of the Republic, grand jury proceedings were conducted in secret and records of such proceedings were not made available to the public. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n. 9, 99 S.Ct. 1667, 1672 n. 9, 60 L.Ed.2d 156 (1979). The prime justification for the rule of secrecy in federal grand jury proceedings is that it promotes smooth and fair functioning of the criminal justice system. *See id.* at 218–19 nn. 9–10, 99 S.Ct. at 1672–73 n. 9. The rule of secrecy is codified at Fed.R. Crim.P. 6(e)(2), which provides:

A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

Exceptions to the secrecy requirement are listed at Rule 6(e)(3).

The threshold question here is whether the general rule of secrecy should be applied at all to the requested documents, as opposed to the transcripts of testimony. The mere presentation of documents to a grand jury does not cloak them in secrecy. *United States v. Lartey*, 716 F.2d 955, 964 (2d Cir.1983). Documents should be kept secret only if their disclo-

sure would convey otherwise unavailable information about the nature of the grand jury proceedings. *See id.* (quoting *United States v. Stanford,* 589 F.2d 285, 291 (7th Cir.1978), *cert. denied,* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979)).

■ Having conducted a thorough examination of the twenty documents that the Government has disclosed to the Court, I conclude that they are not protected by the secrecy rule. The documents—which are checks, bearer bonds and records of bank accounts—reflect that the grand jury was investigating Liberman and various lessors of the City during 1983–84. This fact is public knowledge. Disclosure of documents thus would not compromise the grand jury process. Accordingly, disclosure to all parties of these requested documents will be ordered. Upon submittal by the government of the rest of the requested documents, the Court will rule on their disclosure.

Transcripts of grand jury testimony plainly fall within the general rule of secrecy and may be disclosed only under exceptions provided for in Rule 6(e)(3). Subdivision (C)(i) of this rule permits disclosure "when so directed by a court preliminarily to or in connection with a judicial proceeding." The party requesting disclosure must make a "strong showing of particularized need" for the materials before disclosure may be ordered. *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). The particularized need test is satisfied if petitioner shows that the requested material "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [its] request is structured to cover only material so needed." *Douglas Oil,* 441 U.S. at 222, 99 S.Ct. at 1674.

■ In this case, the grand jury proceedings were conducted in the Eastern District of New York. The Southern District of New York, however, is the court where the federal case is pending in connection with which disclosure is sought. Under these circumstances, I conclude that this Court can better weigh the need for continued secrecy. Because I lack firsthand knowledge of the proceedings in the Southern District, I will then send the requested transcripts to that court, which can consider the request in light of my evaluation and the issues presented in the case before it. *E.g., id.* at 230–31, 99 S.Ct. at 1678–79. I now turn to my evaluation.

■ The second prong of the *Douglas Oil* test requires the Court to assess the benefits of continued secrecy. The Supreme Court has recognized five reasons for the secrecy rule: preventing possible indictees from fleeing, ensuring that grand jurors are not compromised by possible indictees, preventing witness-tampering, encouraging free and open disclosure by grand jury witnesses, and protecting innocent persons from possible stigma arising from the knowledge that they have been investigated. *Id.* at 219 n. 10, 99 S.Ct. at 1673 n. 10 (quoting *United States v. Rose,* 215 F.2d 617, 628–29 (3d Cir.1954)). Since this grand jury proceeding is long closed and the criminal case stemming from it is concluded, the first three reasons no longer apply. Petitioner therefore bears a reduced burden to compel disclosure. *See Douglas Oil,* 441 U.S. at 223, 99 S.Ct. at 1675. In addition, the Court notes that petitioners seek disclosure in connection with judicial proceedings in which there is an important public interest: redressing corruption in local civic affairs. *See In re Special February 1971 Grand Jury v. Conlisk,* 490 F.2d 894, 897–98 (7th Cir. 1973).

Based on the record before me, I conclude that petitioner has shown a reduced need for grand jury secrecy, as well as a strong public interest supporting disclosure. Under these circumstances, I conclude that disclosure might well be appropriate. For the reasons discussed above, the transcripts will be forwarded to the District Court for the Southern District of New York, which may rule on the petition in light of this Court's evaluation. Following that decision, this Court will rule on the

petition for disclosure in connection with the state proceeding.

SO ORDERED.