**In re The REGULAR GRAND JURY OF FRIDAY, OCTOBER 3, 1986.**

**No. 90 M 0043.**

United States District Court, E.D. New York.

July 27, 1990.

Myron Beldock, Beldock Levine & Hoffman, New York City, for Michael Spivak.

Douglas F. Behm, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for Automatique, Inc.

Stuart M. Gerson, Asst. Atty. Gen., and Andrew J. Maloney, U.S. Atty., E.D.N.Y. (Jody Kasten, Asst. U.S. Atty., of counsel), for the government.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

The United States petitioned this court *ex parte* for an order permitting attorneys in the Civil Division, United States Department of Justice (the "Civil Division") to obtain documents gathered in connection with a grand jury investigation conducted in the Eastern District of New York.[1] The subjects of the grand jury investigation included Michael Spivak and Automatique, Inc.

The investigation focused on whether Michael Spivak, Automatique and others submitted inflated reimbursement claims for meals served under a Summer Food Service Program funded by the Food and Nutrition Service of the United States Department of Agriculture. None of the subjects of the grand jury investigation were criminally prosecuted.

Currently, however, the Civil Division is investigating whether Mr. Spivak, Automatique or others received inflated meal reimbursements in violation of the False Claims Act, as amended, 31 U.S.C. §§ 3729–3733. The Civil Division's current document request is made in connection with this investigation.

After the Civil Division made its *ex parte* application, this Court requested that counsel for Automatique and Mr. Spivak submit papers in response to the Civil Division's application. After reviewing the arguments of counsel, I concluded that an *in camera* review of the documents sought by the Civil Division would be helpful. To that end, Assistant United States Attorney Cheryl L. Pollack delivered to this Court the documents acquired during the grand

1. The Civil Division also requested access to the agents that participated in the investigation and their work product. With the leave of this Court, this request has been withdrawn without prejudice to any future renewal.

jury's investigation. I have closely reviewed these documents and, for the reasons set forth below, I conclude that the Civil Division shall be granted access to such documents.

## DISCUSSION

 It has long been recognized that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979). The general rule of secrecy set forth in Fed.R.Crim.P. 6(e)(2) provides that:

> A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as contempt of court.

As previously observed by this Court, "the threshold question here is whether the general rule of secrecy should be applied at all to the requested documents, as opposed to the transcripts of testimony." *United States v. Liberman*, 687 F.Supp. 775, 777 (E.D.N.Y.1988). The general rule of secrecy applies only if disclosure of the documents at issue would impinge upon the secrecy of the grand jury by revealing what took place before the grand jury. *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir.1960); *United States v. Liberman*, 687 F.Supp. at 776, 777.

 The principal documents at issue are cancelled checks, accounting spreadsheets, application forms, bank records and miscellaneous notes and correspondence. While the intrinsic value of these documents may further the Civil Division's investigation, I am satisfied that disclosure of such documents will not compromise the grand jury process.

Accordingly, the Civil Division is hereby granted access to the documents reviewed *in camera* by this Court. Further, disclosure to the Civil Division shall include disclosure not only to the staff attorneys assigned to this case, but also to their superiors, paralegals, secretarial staff and any experts retained by the United States in connection with this matter.

SO ORDERED.